Burice, J.
Defendant Gregory has been adjudged to be a youthful offender and defendant Jaglom has been found guilty of a misdemeanor, both in the Criminal Court of the City of New York.
In both cases the defendant requested that the District Attorney make available the Grand Jury minutes for his examination prior to the trial. The minutes were then still in stenographic form and the District Attorney informed counsel that they were available for examination, but that the costs of transcribing the testimony requested would have to be borne by the defense. In neither case is there a claim of indigency. The defense refused to pay for the transcriptions, and when the cases came to trial the court was asked to instruct the District Attorney to purchase the minutes. These requests were denied and the Appellate Term affirmed in both cases.
There is no doubt that under the 11 prior statement ’ ’ rule defense counsel has a right to examine prior statements of the People’s witnesses. The transcriptions of Grand Jury testimony of course fall within this “ prior statement” rule. But the question here is whether the People are required in every case to have testimony transcribed for use by the defense free of charge.
This question ought to be answered in the negative. Although in People v. Rosario (9 N Y 2d 286) we held that the defense had a right to examine prior nonconfidential statements, the decision in that case does not forbid the imposition of conditions that are reasonable. The right to examine prior nonconfidential statements is no different than the right to appeal or right to counsel. In exercising the latter rights the defendant bears the expense unless he is indigent.
The language of the opinion in Rosario, as well as that found in Jencks v. United States (353 U. S. 657), is consistent with■ a defendant’s bearing the reasonable burden of- paying for the *165 transcription of Grand Jury minutes. In those cases there was a direct interference with the defendant’s rights by way of an unqualified refusal on the part of the prosecutor. In the present cases nothing was withheld from the defendants. Indeed the minutes were made available to them. There was nothing standing in their way other than their own unwillingness to pay the stenographic costs. The imposition of this moderate condition on a defendant’s right to examine the Grand Jury minutes does not prevent the exercise of the right. The nonindigent defendant has always paid for attorneys, investigators, the preparation of exhibits, and the printing costs for an appeal, as well as paying the stenographic expenses involved in the preparation of the record on appeal. Heretofore when a motion to inspect Grand Jury minutes which were in stenographic form was granted, the defendant, unless indigent, paid for them.
Section 952-t of the Code of Criminal Procedure makes it the obligation of the Grand Jury stenographer to furnish only such transcripts of the minutes to the District Attorney “ as [he] shall require ”. There are a multitude of cases, particularly those in the misdemeanor category, where the District Attorney does not require the minutes in order to prosecute. However, whenever the People secure typewritten portions of the Grand Jury minutes for prosecution purposes they should readily be made available to the defense for the purpose of cross-examining the People’s witnesses. Furthermore, under present practice, where an accused is unable to pay typing expenses (not the situation in these cases), those portions of the minutes which he requests must be paid for by the People.
When the minutes have not been transcribed, however, a solvent defendant’s right to examine the Grand Jury minutes of witnesses should be subject to reasonable conditions. He ought to give reasonable notice to the District Attorney and pay the charges of the stenographer.
In the present cases the People have not held anything back from the defense. There is nothing arbitrary, illegal or unconstitutional about requiring a nonindigent defendant to bear the financial burden of answering criminal charges-. The court has never implied that the People had to subsidize out of the public treasury the exercise of the right to examine Grand Jury minutes for every solvent defendant. It only established the right of *166 access to the statements if the District Attorney possessed them and as they were written. The result is a just and reasonable one, and deprives the accused of none of his protected rights.
The judgments of the Appellate Term are affirmed.
Judges Van Voorhis, Scileppi and Bergan concur with Judge Burke; Chief Judge Desmond and Judges Fuld and Keating dissent and vote to reverse and order a new trial in the following memorandum: Under the rule which this court laid down in People v. Rosario (9 N Y 2d 286), the defense is entitled to inspect, and the prosecutor is under a duty to turn over, the Grand Jury testimony (or any other prior statement) of a witness for the People whenever such evidence is requested by the defense for cross-examination purposes. Obviously, if the testimony is in the courtroom, the District Attorney must make it available to the defendant for his inspection. This duty may not be avoided by the District Attorney’s failure or refusal to procure a copy of the testimony in question from the Grand Jury stenographer (Code Grim. Pro., § 952-t). The latter’s fees are a public charge, payable by county or city (Code Grim. Pro., § 952-v), and the People may not condition production of the testimony upon payment by the defendant of the cost of its transcription. The danger or fear of an undue burden being imposed upon District Attorney or Grand Jury stenographer may be minimized by requiring the defendant to advise the District Attorney, in advance of trial, of an intention on his part to request examination of the testimony of any prosecution witness who had testiñed before the Grand Jury.
In short, the defendant was entitled to see the Grand Jury testimony of the complaining witness without being required to pay for it. The judgments appealed from should be reversed and new trials ordered.
Judgments affirmed.