George J. Balbach, J.
The defendants, prior to trial, seek an order precluding the District Attorney from offering evidence of prior acts and conduct of the defendants which resulted in a finding of "child abuse” by the Suffolk County Family Court. The victim of this alleged abuse was Lisa Somyk whose death in Queens County led to the present indictment.
*307 The evidence in question was given in a 1972 Suffolk Family Court hearing and the minutes of this proceeding are no longer in existence. It is this fact which furnishes the basis of the present application since the defendants allege a violation of their Rosario rights.
The background of defendants’ indictment is as follows:
On December 17, 1972 the child of the defendant Catherine Somyk Pellegrino, Lisa Somyk, died as a result of injuries allegedly suffered in a bathtub accident. Thereafter, on October 9, 1974, her mother and stepfather were indicted by a Queens County grand jury. They were charged with the crimes of manslaughter in the second degree (two counts), criminally negligent homicide and assault in the third degree as well as endangering the welfare of a child.
The People maintain that the child’s death was a homicide, the result of child abuse. In support of this contention, the District Attorney has indicated that he intends to prove at trial a prior instance of assault on the young girl by the defendants. The purpose of such proof is to negate the defense of accident (cf. People v Henson, 33 NY2d 63).
This alleged proof consists of testimony derived from a Suffolk Family Court hearing held on or about May 8, 1972. At that time the defendant Pasqual Pellegrino was not yet married to the codefendant but they resided together. Both allegedly were responsible for the custody of the child and the hearing subsequently applied to each of them. The Suffolk Family Court adjudged Lisa Somyk an abused child under article 10 of the Family Court Act and directed that she be discharged into the custody of the Suffolk Social Services. The People intend to rely on this proceeding as proof of prior child abuse. However, in regard to the records of this hearing, the People have conceded that the minutes are not available, having either been lost or destroyed. No clear reason has been advanced for such a loss although a letter from a Suffolk court stenographer, attached to the defendants’ moving papers, indicates that "under the Judiciary Law, unless minutes are filed pursuant to an order, they may be destroyed after two years”. So presumedly the minutes of such hearing were destroyed as part of the Suffolk Court routine.
The defendants oppose any evidence based on, or derived from, this Family Court hearing. They seek an order precluding its trial use on the theory that the unavailability of these sworn statements denies them their right of inspection for the *308 purposes of cross-examination under People v Rosario (9 NY2d 286). They further allege denial of their constitutional right to fully confront all witnesses against them.
In considering this application, the court is aware that questions dealing with the admissibility of evidence are normally considered at time of trial. While our criminal procedure statutes provide a pretrial mechanism for passing on the constitutional merits of evidence and permitting the relief of suppression (CPL art 710.00), there is no corresponding provision for determining the relevance of evidence prior to trial and granting the remedy of preclusion. However, our Court of Appeals has recently indicated that important preliminary nonjury questions which bear "directly on the issues being tried in the main case” may be assessed in advance (People v Goggins, 34 NY2d 163, 169) and such practice was followed in People v Sandoval (34 NY2d 371) which permitted advanced rulings on cross-examination issues. Additional cases dealing with pretrial evidentiary rulings in the criminal area are People v Coniglio (79 Misc 2d 808) and People v Little (83 Misc 2d 321). The court in these cases ruled on the validity of dying declarations prior to trial. In light then of the above case law, this court will consider the Rosario question now raised.
The issue is clear. Does the absence of the Family Court stenographic minutes violate the Rosario doctrine in this case? To determine this requires an analysis of the rule enunciated by that court. In Rosario (p 289), the court quoted with approval the Supreme Court decision in Jencks v United States (353 US 657, 667, 668) which held that a defendant is "entitled to inspect” any statements made by the Government’s witness which bears on the subject matter of the witness’ testimony.” Our Court of Appeals further held (p 289) that "the procedure to be followed turns largely on policy considerations * * * and * * * this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination”. A summary of this doctrine shows that this rule applies to any nonconfidential statement: (1) made by a prosecution witness; (2) bearing on the subject *309 matter of the witness’ testimony; (3) which is not used for the purposes of direct examination but for impeachment purposes.
Applying these points to the case at hand, it is clear that items 1 and 3 apply to the facts before us. The record indicates that the statements made were nonconfidential and attributed to prosecution witnesses. The defense desires these statements obviously for impeachment purposes. The second point, however, poses a problem. What exactly constitutes the subject matter of the witness’ testimony? A study of Court of Appeals cases seems to indicate that the cases fall into the following categories: (1) testimony before a Grand Jury (People v Agron, 10 NY2d 130; People v Jaglom, 17 NY2d 162); (2) minutes dealing with a prior trial or hearing (People v Ballott, 20 NY2d 600; People ex rel. Cadogan v Me Mann, 24 NY2d 233); pretrial witness statements (People v Fasano, 11 NY2d 436; People v Kuss, 32 NY2d 436); (4) police reports or memoranda (People v Regina, 19 NY2d 65; People v Ross, 21 NY2d 258). In all of these cases, the statements sought were elicited by the District Attorney and dealt with the indictment under consideration upon which the defendant was being tried. One court categorized the Rosario doctrine (People v Miles, 23 NY2d 527, 541) as the rule that "all statements made by prosecution witnesses to police, District Attorney, or Grand Jury, should, on demand, be turned over, in their entirety, to the defense for possible use in cross-examination”. While other cases have not gone so far as to limit statements to those directly solicited by the People, virtually every case restricts those statements to the present offense. This court has been unable to discover any cases, nor have any been cited by the defendants, which stand for the proposition that a defendant has a right to all prosecution statements made at any time or any place, which have a bearing on the present indictment.
Based upon the above, this court holds that the Rosario doctrine does not give a defendant an absolute right to see every statement made by a prosecution witness but only those statements which bear directly on the offense for which he stands indicted.
As regards the defendants’ second point, namely, a violation of constitutional rights, the law appears to be that the Rosario doctrine is based on judicial fairness and not constitutional guarantees (People v Rosario, supra; People v Lunney, 84 Mise 2d 1090). Even if the People were under a duty to produce *310 minutes of a prior unrelated hearing, a court would still have discretion in determining what would be the remedy if the District Attorney were unable to secure these minutes. In the instant case this court feels that it would be unreasonable to impose an obligation on the District Attorney requiring him to anticipate a hearing two years in advance of an indictment. Any logical interpretation of the Rosario rule would require that the statements sought to be produced must have been originally under the custody of the District Attorney at time of trial or that the People should have been aware of their existence. In suppression hearings, it is the law that any evidence sought to be suppressed is limited to "matter in the possession or available to a prosecutor” (CPL 710.10, subd 2) and the same logic should apply to Rosario evidence as well.
The application to preclude is denied. However, the court directs that any documents which the District Attorney might have in his possession dealing with this hearing should be turned over to the defendants for their inspection.