THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY WILSON, Appellant.

First Department, April 17, 1962.

*Matthew H. Brandenburg* for appellant.

*Peter J. O'Connor* of counsel (*Harold Roland Shapiro* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

McNALLY, J. Defendant-appellant and a codefendant Edward Goree were convicted after a joint trial of possession in an automobile of a quantity of cocaine with intent to sell (Penal Law, § 1751). The conviction of the codefendant was affirmed by this court (*People* v. *Goree,* 8 A D 2d 614) and by the Court of Appeals (7 N Y 2d 763).

Disposition of this appeal has been held in abeyance pending our receipt and examination of the Grand Jury minutes by reason of defendant's reliance upon *People* v. *Rosario* (9 N Y 2d 286) requiring disclosure to the defendant of a prior statement in the possession or the control of the District Attorney of a witness for the prosecution. *Rosario* is to be applied to pending appeals in cases tried prior thereto. (*People* v. *Hernandez,* 10 N Y 2d 774.) On the trial the defendant applied for the inspec-

tion of the minutes of the Grand Jury. The trial court proceeded in accordance with the then applicable policy enunciated in *People* v. *Walsh* (262 N. Y. 140), examined the Grand Jury minutes, found no variance between the trial and Grand Jury testimony and thereupon denied the application for the inspection of the Grand Jury testimony.

Upon the submission of this appeal we suggested an application for the inspection of the pertinent Grand Jury minutes which was not opposed by the District Attorney. Since the submission of this appeal the Grand Jury minutes were obtained, submitted to and examined by this court (see *People* v. *Hernandez, supra*; *People* v. *Turner,* 10 N Y 2d 839; *People* v. *Torres,* 15 A D 2d 452, motion for leave to appeal denied 15 A D 2d 893) and counsel have submitted memoranda with their views thereon (see *People* v. *Hawa,* 15 A D 2d 740).

*Rosario* sets forth a change in procedure on policy considerations to conform with the Federal rule enunciated in *Jencks* v. *United States* (353 U. S. 657). The effect of *Rosario* is to require disclosure to the defense of the pretrial statement in its entirety of a witness for the prosecution. Prior scrutiny by the Trial Judge in accordance with *People* v. *Walsh* (*supra*) has been eliminated as a condition of disclosure and as a corollary it is unnecessary to establish contradictions between the pretrial statement and the evidence at the trial. *Rosario* held nevertheless that section 542 of the Code of Criminal Procedure is applicable and therefore if it appears the error is harmless, the conviction should not be disturbed.

At the trial Detective McMahon testified that immediately after the arrest Wilson was interrogated. The following question and answer appears: " Q. Did he [Wilson] say anything? A. And he just shrugged his shoulders."

McMahon's Grand Jury testimony with regard to this episode is as follows:

" Q. * * * Did you question the defendants Henry Wilson and Edward Goree, first Henry Wilson about this brown paper bag containing the two envelopes? A. I did.

" Q. What did Wilson say? A. He said he don't know anything about it."

Wilson took the stand and gave his version as follows: " Q. * * * he [McMahon] opened the envelope and peeped in there and asked me, who did that belong to. I said I had never seen that envelope in my life."

Defendant's trial testimony and McMahon's Grand Jury testimony are substantially the same. The variance appears in the trial testimony of McMahon to the extent he attributes to Wilson

a shrug of his shoulders instead of an outright denial of knowledge.

In his summation the Assistant District Attorney argued to the jury as follows: " And Wilson shrugs his shoulders and said, ' I don't know anything about it.' "

It would seem therefore that the argument to the jury by the Assistant District Attorney gave defendant the benefit of both the shrug of his shoulders and his outright denial of knowledge as testified to by defendant at the trial and by McMahon before the Grand Jury. The variance therefore is insubstantial. It might have been otherwise if the argument made to the jury by the Assistant District Attorney had been that implicit in the shrug of the shoulders was a suggestion of guilty knowledge on the part of Wilson by reason of failing to respond with an outright denial of guilty knowledge. Here it is clear that defendant was given the benefit of an immediate denial of knowledge of the contraband.

The only other variance relied on is with respect to McMahon's testimony as to the handling of the two glassine envelopes. The trial testimony as to this transaction is as follows:

" Q. And what did you charge them with at that time? A. 1751.

" Q. Did you know at that time that the contents of these two glassine envelopes were narcotics? A. Not for certain. That they were alleged to be narcotics.

" Q. After you took them to the station house did you do something with these two envelopes? A. Yes.

" Q. What did you do with them? A. I took the envelopes down to the grocer, after I had searched the car, and I weighed them.

" Q. Is there a colored detective attached to your precinct? A. To my precinct?

" Q. No; with you on duty that night? A. Yes.

" Q. Did you give him the envelopes to take to the drugstore? A. No, I did not.

" Q. Did these envelopes ever get into the hands of a druggist for examination? A. No, they did not.

" Q. As far as you know they never got into the hands of a druggist? A. That's right."

McMahon's Grand Jury testimony is as follows:

" Q. All right. Did you then take this brown paper bag containing the two glassine envelopes, put it in a police property clerk's envelope, seal it, and take it to the police laboratory for analysis? A. I did.

" Q. And subsequently did you get the envelope back from the police laboratory sealed? A. I did."

All that appears by comparison of the Grand Jury and trial testimony of McMahon is that his testimony before the Grand Jury was very brief and understandingly limited to its essentials whereas his testimony at the trial went into greater particularity as to the handling of the contraband.

Defendant also by his supplemental brief argues that the narcotics were seized without a search warrant and therefore should have been suppressed on the authority of *Mapp* v. *Ohio* (367 U. S. 643). In *People* v. *Loria* (10 N Y 2d 368) it was held to be the duty of the State courts to follow the *Mapp* holding. Moreover, *Loria* held that the *Mapp* rule is applicable to pending appeals. Defendant argues the search here was made without a search warrant and that the evidence resulting therefrom may not be used against him. This record does not preserve the question of the alleged illegality of the search and seizure productive of the contraband. No objection was made to the admission in evidence of the contraband (*People* v. *Friola,* 11 N Y 2d 157).

Moreover, the uncontradicted evidence is that the patrol car involved in the arrest had received a radio message described as " Signal 30 " indicating that a felony was in progress. The message was to the effect that a new automobile, two-tone, with a red bottom and a cream top, was traveling north on Central Park West and was believed to be involved in the armed holdup of a liquor store. As a result of said alarm the patrol car of the officers who made the arrest herein proceeded to Douglas Circle, located at 8th Avenue and 110th Street, at which time the Thunderbird automobile occupied by defendant was observed traveling northly from Central Park West and into 8th Avenue, a continuation thereof. The Thunderbird was also two-tone with a red bottom and a cream-like top. The arresting officers associated the defendant's automobile with the one involved in the holdup announced over the radio and, accordingly, followed the defendant's automobile and made the arrest and search described on this trial.

In the circumstances there was probable cause for the arrest. (*Draper* v. *United States,* 358 U. S. 307; *Brinegar* v. *United States,* 338 U. S. 160, 172–176; *Jones* v. *United States,* 362 U. S. 257, 269–270.) The search incident to the arrest was proper although it yielded contraband unrelated to the crime for which the arrest was made. (*Harris* v. *United States,* 331 U. S. 145.) The absence of a search warrant therefore does not avail the defendant.

We have considered all other points urged by the defendant and find them to be without merit. (See *People* v. *Goree, supra,* 7 N Y 2d 763, *supra.*)

The judgment of conviction should be affirmed.

BREITEL, J. P., RABIN and STEUER, JJ., concur.

Judgment of conviction unanimously affirmed.