■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO CRUZ and ROGELIO SOTO, Appellants.— Judgments of conviction unanimously reversed on the law and in the interests of justice, and a new trial ordered as to each defendant. While each defendant appealed separately, for convenience the appeals are being disposed of in a single memorandum. Defendant-appellant Cruz was convicted on two separate counts of the crime of manslaughter in the first degree and of the crime of assault in the first degree. Defendant-appellant Soto was convicted on two separate counts of the crime of manslaughter in the second degree and on one count of the crime of assault in the first degree. In appeals by two codefendants of these appellants from convictions of murder in the first degree, the Court of Appeals affirmed the conviction of one, Agron, and reversed and ordered a new trial as to the other (*People* v. *Agron,* 10 N Y 2d 130). The court, in reversing and ordering a new trial for Hernandez, found there was insufficient evidence as to Hernandez to support a finding of criminal conspiracy to kill, though there was sufficient to support a finding of a conspiracy to commit assault. The court held the failure to permit examination of the Grand Jury testimony of Hector Bouillerce, the People's principal witness, and the statements of the trial court and of the District Attorney in summation to the effect that there were no inconsistencies between Bouillerce's Grand Jury testimony and his trial testimony, when in fact there were, constituted reversible error (*People* v. *Agron, supra*). The finding and determination made by the Court of Appeals in the case cited are applicable to and controlling in the cases before us. It is impossible to determine how such errors affected the jury or influenced the outcome of their deliberations. In light of the disposition herein made it is unnecessary to consider the other

points raised by appellants in their briefs. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.