█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDIO COLON, Appellant.— Judgment, Supreme Court, New York County, rendered Janu-

ary 7, 1972, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the third degree, and possession of a weapon as a felony, committed against the complainant Betancourt, unanimously reversed, on the law, and in the interest of justice and the indictment dismissed. Judgments, Supreme Court, New York County, rendered January 7, 1972, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the third degree, and possession of a weapon as a felony, committed against the complainants Cordero and Sanchez, unanimously affirmed. The defendant was indicted and charged with commission of crimes against three separate individuals on three separate occasions. The crimes allegedly committed against complainants Cordero and Sanchez were proven beyond a reasonable doubt. However, we find, and the People concede, that it was error not to dismiss those counts relating to the complainant Betancourt. The preliminary hearing minutes relating to the crimes committed against complainant Betancourt were timely requested but were not given to defense counsel, though not through any lack of diligence on the part of the District Attorney. This constituted reversible error (*People* v. *Montgomery,* 18 N Y 2d 993; cf. *People* v. *Sanders,* 31 N Y 2d 463; *People* v. *West,* 29 N Y 2d 728). Cross-examination by defense counsel was severely hampered by the absence of these minutes and, in the interest of justice, the indictment must be dismissed as to those counts. We must note, however, that were it not for the fact that the cases involving complainants Cordero and Sanchez were proven beyond a reasonable doubt and the sentences imposed were to run concurrently, we would remand for a hearing to determine whether or not due diligence was exercised by all parties concerned to obtain the preliminary hearing minutes, whether the minutes were actually available elsewhere, or whether the proceedings at the preliminary hearing could not in some manner be reconstructed (cf. *People* v. *Boulware,* 29 N Y 2d 135, 140). Concur — McGivern, J. P., Markewich, Murphy, Lane and Steuer, JJ.