Joseph P. Sulmvah, J.
Relator was arrested on August 2, 1972, charged with the crime of rape in the first degree and related offenses. On August 24, 1972, a preliminary hearing was held in the Criminal Court after which relator was held for the action of the Grand Jury. Thereafter, on November 2, 1972, an indictment was filed upon which relator was arraigned and to which he pleaded not guilty on December 8, 1972. Relator has remained incarcerated since his arrest in lieu of making bail. For reasons that will become apparent, he has not yet been tried.
Since December 27, 1972, relator’s counsel has, without any success whatever, made numerous efforts to obtain the minutes of his preliminary hearing. Finally, on the return of this writ, a hearing was held to ascertain their whereabouts as a result of which it is now apparent that the official court reporter’s stenographic notes of the minutes are irretrievably lost. Furthermore, the court reporter has no recollection of the proceeding nor does he have any record thereof to refresh his recollection.
It is axiomatic that the availability of a transcript of the minutes of a pretrial hearing is a u fundamental constitutional right ” (People v. Sanders, 31 N Y 2d 463; People v. West, 29 N Y 2d 728, 729; People v. Peacock, 31 N Y 2d 907; People v. Zabrocky, 26 N Y 2d 530, 536, 537). It has been held that a defendant’s right to the minutes of a pretrial hearing exists “ regardless of the nature and quantum of proof ” against him (People v. West, supra, p. 729) and “ even though no prejudice be shown ” (People v. Sanders, supra, p. 466).
While ordinarily, the issue of the denial of the right to pretrial hearing minutes arises after trial and conviction, and not before, and in circumstances where the minutes actually do exist, heré the issue is posed before trial because speaking realistically, the minutes of the preliminary hearing are no longer in existence *1012 and will never be available which presents the question before the court. In such circumstances, should the indictment be dismissed?
Concededly, relator has an absolute right to the minutes of his preliminary hearing in the defense of these charges. That being so, there is no way he may be compensated for their unavailability, not even by a rehearing, assuming arguendo, there were a statutory provision therefor. In this case, the preliminary hearing was held within a month of relator’s arrest, at a time when, at least prima facie, the facts were fresh in the complainant’s mind. No rerun of that proceeding — over one year later- — -would even provide relator with precisely the same testimony, testimony to which he is entitled, for whatever use he might wish to put the same -at -trial.
Accordingly, the writ is sustained and the indictment is dismissed on the grounds that there exists a legal impediment to relator’s conviction (GPL 210.20, subd. 1, par. [b]). He shall be discharged from custody forthwith.