OPINION OF THE COURT
Alexander Chananau, J.
Defendant was arrested on July 21, 1973 and charged with the crime of robbery in the first degree and related crimes. On July 31, 1973 a preliminary hearing was held in the Criminal Court of the City of New York, after which the defendant was held for the action of the Grand Jury. The defendant was thereafter indicted by the Grand Jury and he was arraigned and pleaded not guilty on August 24, 1973. Defendant has remained incarcerated since his arrest in lieu of making bail. The present motion is to dismiss the indictment, for failure to furnish the defendant with minutes of the preliminary hearing of July 31, 1973, which was held in the Criminal Court.
The defendant’s instant motion was made following the decision by Mr. Justice Joseph P. Sullivan of this court dismissing the indictment in a similar matter upon the selfsame grounds (People ex rel. Hairston v Adult Detention *884 Center, 76 Misc 2d 1010), to wit, the failure to furnish the defendant with a transcript of the preliminary hearing held in the Criminal Court.
The defendant’s motion to dismiss the indictment was submitted before me in Special and Trial Term, Part XII, on February 26, 1974. Inasmuch as the District Attorney appealed to the Appellate Division from Mr. Justice Sullivan’s order in People ex rel. Hairston v Adult Detention Center (supra), the instant motion was marked "off calendar”, subject to being restored by either side when the appeal in Hairston was decided.
This case thereafter appeared before me in regular course on the calendar in Special and Trial Term, Part XIV, at which time the defendant moved for a reargument of the motion to dismiss, citing the decision of the Appellate Division, First Judicial Department, in People v Colon (43 AD2d 676), decided on December 4, 1973.
In People v Colon (supra), the defendant appealed from judgments of conviction of crimes against three separate complainants on three separate occasions. The Appellate Division found that the crimes committed against two of the complainants were proven beyond a reasonable doubt; however, with respect to the counts relating to the third complainant, the court held that it was error not to dismiss the same because the minutes of the preliminary hearing relating to these crimes, although timely requested, were not given to defense counsel.
The decision in People v Colon (supra) must nevertheless be restricted to the fact situation therein presented (to wit, three concurrent sentences) since the court further states (p 677): "We must note, however, that were it not for the fact that the cases involving complainants Cordero and Sanchez were proven beyond a reasonable doubt and the sentences imposed were to run concurrently, we would remand for a hearing to determine whether or not due diligence was exercised by all parties concerned to obtain the preliminary hearing minutes, whether the minutes were actually available elsewhere, or whether the proceedings at the preliminary hearing could not in some manner be reconstructed (cf. People v. Boulware, 29 N Y 2d 135, 140).” (Emphasis added.) (Also cf. People v Hill, 43 AD2d 563.)
The defendant’s said motion to reargue was granted to the *885 extent that this court held a hearing on April 29, 1974, to determine: (1) whether due diligence was exercised by all parties concerned to obtain the preliminary hearing minutes; (2) whether the hearing minutes were actually available elsewhere; or (3) whether the proceedings at the preliminary hearing could not in some manner be reconstructed. Counsel for both sides stipulated that due diligence had been exercised by all parties to obtain the preliminary hearing minutes but that some are not available and cannot be found anywhere. Accordingly, the hearing proceeded to determine whether the proceedings at the preliminary hearing could not in some manner be reconstructed.
The complainant was called to the stand and was asked whether she remembered the preliminary hearing and what questions were asked of her and what her answers were to the questions asked. Having answered in the affirmative, she then testified as to what had been asked of her and what she had answered, which this court finds sufficient to establish reasonable cause to believe that the defendant committed the felonies charged.
In its effort to try to reconstruct the preliminary hearing, this court requested that both the Assistant District Attorney and the Legal Aid staff attorney who appeared in the Criminal Court, appear at the instant hearing; both were called to the stand but neither had any recollection as to what had transpired nor what the complainant’s testimony had been. The record before me also establishes that the complainant was the only person who testified at the preliminary hearing.
This court now finds, following the hearing of April 29, 1974, that: (1) the proceedings at the preliminary hearing in the Criminal Court have been reconstructed and (2) the People have established reasonable cause to believe that the defendant committed the felony charged (CPL 180.70, subd 1).
The court is informed that a copy of the transcript of the hearing of April 29, 1974 has been delivered to the attorney for the defendant.
Accordingly, for all of the above, the defendant’s motion to dismiss the indictment for failure to supply defendant with a copy of the preliminary hearing in the Criminal Court is denied in all respects.