■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BOWDEN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 30, 1974, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree in violation of subdivision 1 of section 220.39 of the Penal Law. On appeal defendant claims that the sentence to an indeterminate term of imprisonment with a minimum of not less than four years and a maximum of natural life, as mandated by section 70.00 of the Penal Law for violation of subdivision 1 of section 220.39 of the Penal Law, violates his constitutional rights under the United States and New York Constitutions as cruel and unusual punishment and in violation of due process and the equal protection of the law; that defendant was denied effective assistance of counsel; that prosecution witnesses gave inadmissible evidence and that the Assistant District Attorney made unwarranted and prejudicial statements in his summation. This court recently decided in *People v Venable* (46 AD2d 73) that the mandatory maximum sentence of life imprisonment under section 70.00 of the Penal Law for the criminal sale of narcotic substances does not constitute cruel and unusual punishment in violation of the Federal and State Constitutions. The defendant was represented on the trial by counsel retained by him. The record discloses a vigorous defense. Counsel made motions to inspect the Grand Jury minutes, to suppress identification testimony and to suppress oral statements and real evidence. The transcript demonstrates lengthy and penetrating cross-examination by defendant's counsel. Defendant was adequately represented *(People v Tomaselli,* 7 NY2d 350). The court finds no reversible error in the testimony of the prosecution witnesses concerning the statements made by the defendant at the time of the transaction or in the summation of the Assistant District Attorney. The defendant is entitled to a fair trial, but not a perfect trial *(People v Kingston,* 8 NY2d 384). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.