Ernst H. Rosenberger, J.
Defendant moves under CPL 200.80, CPL 210.20 (subd 1, par [h]), CPL 210.20 (subd 1, par [c]), CPL 210.35 (subd 4), CPL 190.50 (subd 5, par [a]) and CPL 210.20 (subd 1, par [i]) for a dismissal of Indictment No. 1691/ 74 and a superseding Indictment No. 4622/74 against him for two counts of murder in the death of one Terry A. Lein.
The factual basis for these motions is clear and important. The District Attorney concedes that the defendant was indicted by a Grand Jury for these crimes on March 21, 1974 under Indictment No. 1691/74. Subsequent to that, the stenographic minutes, ready to be typed, were lost when an employee of the District Attorney left them on a subway train. Following that negligent loss of the complete stenographic notes of the Grand Jury presentation, the case was re-pre *1092 sented to a second Grand Jury and the new superseding indictment against this defendant was filed on September 23, 1974.
Defendant seeks dismissal of the indictment on several grounds, i.e.: 1. that dismissal is required because of the loss of the minutes of the March Grand Jury;
2. that defendant was not afforded an opportunity to testify before the second (September) Grand Jury although he had previously declined the opportunity to testify before the first (March) Grand Jury; and
3. that the District Attorney abused the Grand Jury by gathering additional evidence before the second Grand Jury after the indictment by the first Grand Jury.
1. Defendant’s right to inspect and to use a prosecution witness’ Grand Jury testimony on cross-examination derives from People v Rosario (9 NY2d 286, cert den 368 US 866). Rosario held that after the conclusion of the direct testimony of the prosecution’s witnesses, the defense is entitled to use for the purpose of impeachment any prior statement made by the witness relating to the subject matter of the testimony. Grand Jury minutes have been held to be such prior statements (see, e.g., People v Agron, 10 NY2d 130, cert den 368 US 922; People v Jaglom, 17 NY2d 162; People v Cruz, 16 AD2d 899; People v Wilson, 16 AD2d 207).
However, what is the nature of the right to inspect and use prior witnesses’ statements given to defendants in Rosario? Does a failure to furnish impeachment material by the prosecutor or the trial court rise to a deprivation of fundamental rights mandating the dismissal of the indictment?
Rosario did not hold that failure to supply the defense with prior statements for impeachment purposes reqúired a dismissal of the indictment. In deciding that case Chief Judge Fuld stated that (p 289): "The procedure to be followed turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement”. (Emphasis added.) In other words, Rosario is based on fairness but not necessarily fundamental constitutional mandates.
The majority opinion in Jencks v United States (353 US 657, 668) on which Rosario was based, discussed its holding granting prior witnesses’ statements to the defense in terms of fair "standards for the administration of criminal justice in *1093 the federal courts”. Jencks v United States makes no mention of constitutional standards.
The United States Supreme Court in an opinion by Mr. Justice Douglas (United States v Augenblick, 393 US 348) has stated that an adverse ruling on the production of prior statements of government witnesses does not necessarily rise to a constitutional deprivation. To the same effect, see the cases cited in United States v Moceri (359 F Supp 431), including Palermo v United States (360 US 343).
In view of these decisions, this court specifically disagrees with the holding in People ex rel. Hairston v Adult Detention Center, Penitentiary of City of N. Y. (76 Misc 2d 1010), insofar as it implies that a deprivation of prior witnesses’ statements mandates dismissal of the indictment (see United States v Carpenter, 510 F2d 738, where the District of Columbia Circuit Court of Appeals refused to dismiss an indictment for negligent destruction of preliminary hearing testimony).
Since constitutional questions are not involved, the court is reluctant to invoke the drastic remedy of dismissal of the indictment. And yet, the remedy in our case cannot be the usual retrial or rehearing which is granted after reversal on appeal (see People v Sanders, 31 NY2d 463; People v Peacock, 31 NY2d 907; People v Zabrocky, 26 NY2d 530; People v Ballott, 20 NY2d 600). No matter how many retrials are ordered in our case, the minutes of the Grand Jury are irremedially lost. There is no possibility of supplying the prior statements to the defense for impeachment purposes under any circumstances.
It has been suggested that the resubmission to the Grand Jury cures the loss, since it makes some prior testimony of the witnesses available to the defense at trial. This argument overlooks the function of the Rosario mandated material. It is for cross-examination, not discovery. The difference is plain.
When one is forewarned that he is to be re-examined, particularly when he knows that his prior statement is unavailable, he has a perfect opportunity to "edit” or "amend” his testimony on the rehearing or resubmission. This new transcript thus becomes almost useless to the cross-examiner for impeachment purposes. It may well even be counterproductive, since the "new” transcript might confirm the preferred testimony which the lost transcript might have contradicted.
If we eliminate dismissal of the indictment, what then can be a remedy for this defendant? One can be found in the *1094 Jencks Act (US Code, tit 18, § 3500). This section of the United States Code came about as a result of the Jencks case discussed above. It provides for the furnishing by the prosecution to the defense in a criminal case a witness’ statement after he or she has been called to testify on direct examination.
For our purposes, however, the most significant provision is the one for sanctions. Subdivision (d) of section 3500 of title 18 of the United States Code provides that if the Government does not deliver prior witnesses’ statements to the defense "the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.”
In other words, the remedy provided under the Jencks Act, a close relative of our Rosario rule, is to strike from the record the testimony of the prosecution witness or to grant a mistrial. There is no provision for dismissal of the indictment.
There are recent Federal cases which discuss very thoroughly the distinction between willful failure and negligent or "good faith” inability to furnish the material through loss or other negligence. In United States v Perry (471 F2d 1057), the court had occasion to rule on whether the sanctions in the Jencks Act should be invoked automatically even though the government was merely negligent in losing the Grand Jury minutes. In United States v Bryant (439 F2d 642), the court stated that the circumstances of the disappearance of the prior statement are related to the invocation of the Jencks Act sanctions. It stated that bad faith suppression of evidence causes the sanctions to be imposed but a "good faith” negligent loss can suspend them.
However, in our case the question of "good faith” or "bad faith” or the extent of the negligence of the prosecution is irrelevant. There is no question at all that there was no intention on the part of the prosecutor to suppress the Grand Jury minutes. It was a "good faith” negligent loss.
The fact that the unavailability of these minutes is due "only” to negligence should not preclude relief. Our tort law awards relief for the victim of almost any negligence. Can the rule of law be less when the issues involved concern liberty rather than money or property? Obviously not.
We are not bound by the Federal cases cited above. We are merely borrowing the Jencks Act sanctions as our only accept *1095 able remedy, not as a mandated solution. We are not seeking to inflict retribution on the District Attorney for his negligence. We are seeking to insure a fair trial to this defendant under Rosario standards of fairness. Under those standards, where prior witnesses’ statements are unavailable for impeachment purposes, we hold that a fair trial is not possible. We disagree with the District of Columbia Circuit Court of Appeals dictum in United States v Carpenter (510 F2d 738, supra) which states that specific prejudice to the defendant or intentional destruction by the Government must be shown to invoke Jencks Act sanctions.
"Reconstruction” of the testimony in our case is also impossible. There can be no way that the defendant will be assured that a witness’ prior inconsistent statements will be reproduced or remembered by the District Attorney or anyone else who attended the Grand Jury hearings.
The court, therefore, invokes the sanction suggested to us by the Jencks Act. Direct testimony of all witnesses who appeared before the first Grand Jury on March 21, 1974 is hereby barred and excluded from the trial of this action. However, the motion to dismiss the indictment is denied.
It should be noted that the District Attorney, in his memorandum of law, also tangentially concedes the applicability of this remedy when he states that the witnesses who testified at the second presentation, but not at the first, together with the nontestimonial evidence, could prove the charges.
At this point it is appropriate to note that the exhaustive memorandum of law prepared and filed by former Assistant District Attorney Andrew Sears was the finest I have seen as a Judge of this court.
2. Defendant’s motion to dismiss the indictment on the ground of failure of the District Attorney to inform him of the pendency of the second Grand Jury proceeding so that he might exercise his right to appear before the Grand Jury, is denied. CPL 190.50 (subd 5, par [a]) reads as follows: "The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon. a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand *1096 jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
Since there was no undisposed felony complaint in a local criminal court, the District Attorney has no such obligation (People v Washington, 42 AD2d 677).
In addition, a motion to dismiss on the ground of violation of the notice provision of CPL 190.50 (subd 5, pars [a] or [b]) must be made within five days after arraignment upon the indictment or it is waived (CPL 190.50 subd 5, par [c]; People v Carter, 73 Misc 2d 1040). No such motion was made. The motion is denied.
3. The motion to dismiss the indictment on the ground that additional evidence was adduced at the second Grand Jury proceeding as opposed to that received in the first proceeding, is denied. CPL 200.80 reads as follows: "If at any time before entry of a plea of guilty to an indictment or commencement of a trial thereof another indictment is filed in the same court charging the defendant with an offense charged in the first indictment, the first indictment is, with respect to such offense, superseded by the second”.
There are no statutory restrictions except those stated in the statute on the right to bring a superseding indictment, nor does there appear to be any case law restricting it. Certainly there is no restriction on the type of evidence to be submitted to the second Grand Jury. Nor is there any restriction that the second Grand Jury shall only hear witnesses who were heard before the first. CPL 190.50 (subd 2) states flatly that "The people may call as a witness in a grand jury proceeding any person believed by the district attorney to possess relevant information or knowledge.” There appears to be no basis in law for the defendant’s attorney’s statement in his moving papers that "the calling of these witnesses would have been a clear abuse of the grand jury process.” The motion to dismiss the indictment is denied in all respects.