E. Leo Milonas, J.
The defendant is charged with the commission of three Class A misdemeanors: assault in the third degree, possession of a dangerous instrument in the fourth degree, and resisting arrest. Defendant now moves to dismiss the misdemeanor complaint pursuant to CPL 170.30 (subd 1, pars [a], [f] and [g]).
The relevant facts are as follows:
*650 Defendant was arrested on July 19, 1975. On the following day a felony complaint was lodged with the court and defendant was arraigned. The original accusatory instrument charged her with a Class D felony, as well as three Class A misdemeanors. It was alleged in the complaint that the defendant had knocked one Charles Hicks off his bicycle and punched said Hicks on the arm, and that the defendant resisted Police Officer Stephen Dandrilli’s attempt to place her under arrest by striking the officer about the head with a stick and biting him, thereby causing physical injury which required hospital treatment.
Prior to the preliminary hearing, on September 3, 1975, the felony charge was reduced to assault in the third degree. On conclusion of the hearing, the court dismissed the assault charge relating to the alleged encounter with Charles Hicks. The other Class A misdemeanors still remain before this court as the subject of this motion. While the People have offered to amend the pleadings by submitting a new affidavit which would reflect only the charges still pending against the defendant, no such affidavit has as yet been filed.
At the preliminary hearing, counsel for the defendant made a timely oral request for a copy of the minutes of the proceeding. A formal written demand for a transcript followed immediately thereafter. The court reporter initially indicated that the minutes had not been transcribed but would be available at a later date. Repeated attempts to obtain the record proved futile. Eventually the court stenographer acknowledged that the minutes were irretrievably lost.
Defendant asserts that the prior statements of witnesses are an essential tool of cross-examination and that under the case law in this jurisdiction she has a fundamental constitutional right to such impeachment materials. (See People ex rel. Hairston v Adult Detention Center, 76 Misc 2d 1010 and the cases cited therein.) Thus defendant maintains that under the circumstances and in the interests of justice her present inability to obtain the minutes constitutes a legal impediment to conviction which necessitates dismissal of the action. The prosecution contends, however, that the unavailability of a witness’ prior statements does not automatically give rise to deprivation of constitutional rights mandating a dismissal. In this instance the People claim that dismissal of the accusatory instrument would not be warranted.
The Supreme Court, in Jencks v United States (353 US 657, *651 667, 668), held that a defendant "is entitled to inspect” any statement made by the government’s witness which bears on the subject matter of the witness’ testimony. In United States v Augenblick (393 US 348, 356), Mr. Justice Douglas indicated that the Jencks decision and the Jencks Act (US Code, tit 18, § 3500) "were not cast in constitutional terms.” (See, also, Palermo v United States, 360 US 343; United States v Moceri, 359 F Supp 431.) Rather, the decision in Jencks enunciates the rules of evidence which are compatible with our standards for the fair administration of criminal justice in the Federal courts (Jencks v United States, supra, p 668; United States v Augenblick, supra, p 356).
In this spirit, New York adopted the Jencks holding and rationale, although it was not binding upon the State courts. The Court of Appeals in People v Rosario (9 NY2d 286, 289) declared: "The procedure to be followed turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement” (emphasis added).
The decision in Rosario, like the opinion in Jencks, is grounded upon a fairness doctrine and "not necessarily fundamental constitutional mandates.” (People v Lunney, 84 Misc 2d 1090, 1092.) This court must take exception to the holding in People ex rel. Hairston v Adult Detention Center (76 Misc 2d 1010, supra) insofar as it implies that the unavailability of a witness’ prior statement results in a deprivation of a constitutional right requiring dismissal. (See United States v Carpenter, 510 F2d 738, wherein the court upheld denial of a motion to dismiss an indictment because of the negligent destruction of preliminary hearing minutes; People v Lunney, supra, wherein the court refused dismissal of the indictment because of the irretrievable loss of Grand Jury minutes.) Based on these cases, the drastic remedy of dismissal is not justified.
In United States v Augenblick (supra, p 356), Justice Douglas cautioned against elevating to a constitutional level a denial of discovery of Jencks Act material (i.e., prior statements of a witness) even where the denial might work an injustice. The Supreme Court made clear that, apart from trials conducted in violation of express constitutional provisions, a constitutionally unfair trial within the meaning of the Due Process Clause takes place only where the barriers and *652 safeguards are so relaxed or forgotten that the proceeding is more a spectacle or trial by ordeal than a disciplined contest.' Such is not the case here.
Admittedly, where the preliminary hearing minutes are lost through no lack of diligence on the part of the District Attorney, the defendant’s ability to conduct an effective cross-examination may be hampered (People v Colon, 43 AD2d 676). A defendant in a criminal case is entitled to a fair trial, but this does not mean a perfect trial (People v Bowden, 48 AD2d 962). Thus, this court must examine alternative remedies short of outright dismissal to see what course of action best protects the rights of the defendant and the interests of society. Two affirmative steps may be taken to correct the potential injustice to defendant, namely, preclusion of direct testimony of a government witness where impeachment materials are missing, or reconstruction of the lost prior testimony.
People v Lunney (84 Misc 2d 1090, supra) presents a similar, although not quite analogous, situation involving the "good faith” negligent loss of Grand Jury minutes. The court, based on the particular facts of the case, borrowed the Jencks Act sanction of preclusion (see US Code, tit 18, § 3500, subd [d]) as the only acceptable remedy. It indicated that the solution was not mandated by law, but rather presented the only viable alternative to implement the fairness doctrine of Rosario and thereby restore parity between the parties. The court found that the cloak of secrecy surrounding Grand Jury proceedings made total reconstruction impossible, and that it would be unfair to compel defendant to rely on the People to remember and reproduce a witness’ prior inconsistent statement.
In the instant case, these problems are not presented. Both prior counsel and defendant were present at the preliminary hearing and may be counted on to add their inputs into the reconstruction process to see that a faithful rendering of the earlier proceeding is made. (See United States v Carpenter, 510 F2d 738, supra.)
The defendant, as alternative relief, requests the court to order a reconstruction hearing in the event that a dismissal is denied. The prosecution opposes such a move, believing reconstruction unnecessary. After due consideration, I do not agree. The defendant has a right to reconstruction when possible (cf. People v Colon, 43 AD2d 676, supra; United States v Carpenter, supra). Since both defendant and counsel were present at *653 the earlier hearing, it is likely that a fair reconstruction of the original testimony may be achieved. This is especially so where, as here, the People have offered to open their files to defendant and permit inspection of all witnesses’ prior statements, including those made by Police Officer Dandrilli, the complainant and only government witness to testify at the hearing, whom the People intend to call at trial. These prior statements were made within three weeks of the incident, some within days, while memory of events was still fresh.
In addition, the defendant requests dismissal, pursuant to CPL 170.30 (subd 1, par [a]) and CPL 170.35, on the grounds that the accusatory instrument is defective in that it fails to meet tfie requirements of CPL 100.40. The People quite correctly argue that dismissal is not warranted because defendant has not indicated in her motion papers the nature of the defect. The People have indicated their intention to amend the complaint to reflect a change in the charges. The court denies this aspect of defendant’s motion to dismiss without prejudice to renew after the amendment has been filed.
Accordingly, defendant’s motion to dismiss the complaint is in all respects denied. The court hereby grants the alternative relief requested to the extent that the parties are directed to appear in Part Jury I on April 8, 1976 at 2:00 P.M. for the purpose of conducting a reconstruction preliminary hearing.