THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD PINION, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated November 6, 1975, which granted defendant's motion to dismiss the indictment upon the ground that the minutes of his preliminary hearing were unavailable. Order reversed, on the law, indictment reinstated, and case remanded to Criminal Term for further proceedings not inconsistent herewith. Simply stated, the issue here presented is whether the People's inability to produce the minutes of the Criminal Court hearing warrants the supreme sanction of an order dismissing the indictment. Criminal Term, citing *People ex rel. Hairston v Adult Detention Center, Penitentiary of City of N. Y.* (76 Misc 2d 1010), held that the defendant has "a fundamental constitutional right" to the minutes and dismissed the indictment. The People appeal. The record discloses that the preliminary Criminal Court hearing was held on September 17, 1974. The official court reporter, Esther Lewis, retired on January 17, 1975. The District Attorney ordered the minutes in February, 1975 and the defendant reordered them on June 4, 1975. A diligent search and intensive investigation by responsible administrative officials disclosed that the stenographic tapes are irretrievably lost and that no microfilm copies of them are in existence. It is not disputed that the loss of the tapes can most properly be described as good faith negligence; no evidence exists to indicate anything to the contrary. However, despite this total absence of any deliberate act on the part of the People to deprive him of the tapes, the defendant contends that he has an absolute constitutional right to a copy of all prior testimony of any witnesses who will testify against him at the trial. He then concludes that the failure to provide him with the tapes in question deprives him of a fair trial and due process of law under the Fourteenth Amendment of the Constitution of the United States and deprives him of his right to effectively cross-examine witnesses pursuant to both the Federal and State Constitutions. In this the defendant is in error. It has long been realized that transcripts of prior statements of witnesses, sworn or unsworn, are particularly valuable to defense counsel for impeachment purposes; the right to these materials has long been upheld on both the State and Federal levels. Yet, from the very beginning, these rights have been bottomed upon "policy considerations" and "a right sense of justice" *(People v Rosario,* 9 NY2d 286,

289); they have in no way been predicated upon "a fundamental constitutional right" to such material. A rereading of the cases cited in *Hairston* makes it abundantly clear that the "fundamental constitutional right" alluded to relates to the equal protection clause of the Constitution rather than to the confrontation clause. Indeed, the Federal decisions decry this constant effort to elevate to a constitutional level matters which should more properly be adjudicated upon policy considerations (cf. *United States v Augenblick,* 393 US 348; *United States v Carpenter,* 510 F2d 738). On the State level, the Court of Appeals, recognizing the vast administrative problems involved, particularly in the face of current calendar congestion, and being desirous of "laying down stricter, more definitive guidelines" in order to "avoid unwarranted delay" fashioned this firm rule: "In the future, the defendant shall not only proceed with the requisite 'reasonable diligence' in making his pretrial suppression motion (CPL 710.40, subd. 1; former Code Crim. Pro., § 813-d, subd. 1) but shall also make his request for a transcript of the minutes of any pretrial hearing prior to its conclusion" *(People v Sanders,* 31 NY2d 463, 467). Here, the failure of defendant to make a timely request for the minutes has not been adequately explained on the record and, standing alone, is sufficient to warrant reversal. We in no way wish to denigrate the importance of allowing the defendant access to all prior statements of the witnesses against him. It is for this reason that, in the interests of simple justice, upon reinstatement of the indictment, the attorneys for the respective parties should attempt a reconstruction of the Criminal Court proceedings (cf. *People v Hicks,* 85 Misc 2d 649; *People v Aviles,* NYLJ, Jan. 11, 1977, p 14, col 2; *People v Lunney,* 84 Misc 2d 1090). "For, in this imperfect world, the right of a defendant to a fair appeal, or for that matter a fair trial, does not necessarily guarantee him a perfect trial or a perfect appeal" *(People v Rivera,* 39 NY2d 519, 523). In the event such reconstruction cannot be had, Criminal Term should fashion an appropriate order directing the prosecutor to turn over to defense counsel, prior to trial, all Grand Jury testimony and all nonprivileged police records and prosecutor's records relating to statements of witnesses in the instant case. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.