OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant to dismiss the indictment upon the ground that material evidence was destroyed by the police.
The defendant is charged with manslaughter, first degree, and he has interposed the defense of justification. The defendant claims the victim violently forced his way into the defendant’s apartment and that he shot the victim in self defense. The same door was also forced open by the police in order to effect the arrest of the defendant. The police assumed *942 custody of the door, had photographs taken and had tests conducted. The defendant’s attorney viewed the door, and he requested both the police and the Assistant District Attorney to preserve the door as evidence.
The police without authorization returned the door to the owner of the apartment complex approximately one month after the homicide and it is now unavailable. The Assistant District Attorney first learned of the door’s loss after a pretrial hearing. The defendant’s expert has stated that the photographs of the door are valueless and that without the door he cannot render an opinion regarding the force exerted by the victim or police. The results of the tests conducted at the request of the police as well as the photographs have been turned over to the defense for its inspection.
There can be no doubt that absent the door’s destruction the defendant would have been entitled to access to it as evidence material to his guilt or innocence (Brady v Maryland, 373 US 83), and that the action of the police in this case must be imputed to the prosecution (United States v Bryant, 439 F2d 642; People v Maynard, 80 Misc 2d 279; People v Churba, 76 Misc 2d 1028).
The Federal courts (e.g., United States v Harrison, 524 F2d 421 — destruction of notes of interviews with key eyewitnesses by FBI agents), the courts of our sister States (e.g., People v Hitch, 12 Cal 3d 641 — destruction of ampoules used in breathalyzer by police) and the courts of this State (e.g., People ex rel. Hairston v Adult Detention Center, 76 Misc 2d 1010 — loss of stenographic notes of the preliminary hearing minutes by court reporter) all have imposed upon the prosecutor a duty to preserve evidence.
(The excellent memorandum of law furnished by the defense cites many additional cases decided by the Federal courts and other State courts.)
In this case the door was a critical item of evidence, there was a request by the defendant’s attorney for its preservation and its loss was inadvertent. This is the predicate for the second category enunciated in United States v Keogh (391 F2d 138, 147) — " 'the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution’ ”.
However, United States v Keogh (supra) may have oversim *943 plified this principle. United States v Augenblick (393 US 348) indicated that sanctions are not appropriate where the loss was in good faith. The general rule in Federal courts is that sanctions will not be imposed where the loss was inadvertent and there was no undue prejudice (People v Aviles, 89 Misc 2d 1, citing Federal Circuit Court decisions). Even in the landmark case of United States v Bryant (supra), where a tape recording was lost and the negligence of the agent was "regrettably great”, the defendant’s conviction on remand was upheld on appeal (United States v Bryant, 448 F2d 1182, 1184).
Nevertheless, the issue which still must be resolved is whether the relief which should be afforded the defendant for the negligent loss of this evidence should be (1) a dismissal of the indictment (People v Churba, supra; People ex rel. Hairston v Adult Detention Center, supra); (2) sanctions (United States v Bryant, supra; People v Lunney, 84 Misc 2d 1090); (3) appropriate remedy devised by court to fit circumstances (People v Aviles, supra; People v Hicks, 85 Misc 2d 649); or (4) denial of any relief (United States v Johnston, 543 F2d 55; United States v Carpenter, 510 F2d 738).
Illustrative of the first category is People v Churba (supra), which dismissed the indictment where a television set upon which tests had been conducted was lost, and although photographs had been taken, the defendant could not have his own tests performed. People v Lunney (supra) imposed the sanction of barring witnesses who had testified before the Grand Jury from giving testimony at the trial because the stenographic minutes of the Grand Jury proceeding were lost, and this case is within the second category.
In the instant case, the dismissal of the indictment or the preclusion of the test findings and photographs as evidence are results which are too drastic.
The third and fourth categories are more consonant with the inadvertent loss of the door.
People v Aviles (supra) illustrates the third category and it was a case where the stenographic transcript of the defendant’s preliminary hearing was lost. The trial court’s remedy was to direct the prosecutor to turn over to the defense, prior to trial, all Grand Jury testimony, all police records and all of the prosecutor’s own records relating to the statements of witnesses.
In this case the prosecutor already has submitted to the *944 defense all the material he has in his possession regarding the door. He is further ordered to present to the defense all Grand Jury testimony concerning the forcible opening of the door by the victim and by the police.
This court reserves the right to apply additional remedies should it appear upon the development of the evidence at trial that the defendant might be prejudiced by the nonproduction of the door. One such remedy could be a charge to the jury that an unfavorable inference arises when the prosecution fails to produce evidence it is expected to produce (Reehil v Fraas, 129 App Div 563, revd on other grounds 197 NY 64; Matter of Levine v Levine, 60 AD2d 652; Matter of Torino v Cruz, 82 Misc 2d 684).
In United States v Johnston (supra), an example of the fourth category, the inadvertent loss of the results of a breathalyzer test was obviated by the testimony of the officer who administered the test. A similar situation may prevail here. Possibly the evidence consisting of the photographs, the test results and testimony, concerning the door in question, would enable the defendant to sufficiently present the defense of justification despite the absence of this item. This is the reason for the aforesaid reservation.
Accordingly, the application of the defendant to dismiss the indictment is denied; the prosecutor is directed to turn over to the defense all Grand Jury testimony concerning the forcible entries by the victim and the police; and the right to effect further remédies as might become appropriate is reserved.