■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 27, 1986, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the pretrial suppression hearing, the prosecution's police witness testified that he had been given a description of the suspect by witnesses at the scene, but that he did not write down this description in his memo book. However, at trial, it was revealed that the officer did in fact write down a description of the defendant in an unlined section of the

memo book. Part of that description stated that the suspect had a gold tooth. No such descriptive feature was testified to at the hearing. The officer also revealed at trial that he had made a notation regarding the gold tooth on the back of the defendant's arrest photograph. Neither item had been turned over to defense counsel. The trial court conducted an immediate hearing and, after questioning both the officer and the prosecutor, found that the prosecutor had initially been unaware of the memo book entry, and while subsequently informed of it, his failure to disclose was not deliberate but only neglectful. The court also found that the prosecutor was unaware of the notation on the back of the photo.

Because of the failure to timely turn over this *Rosario* material, the trial court then took various curative steps. It gave extensive instructions to the jury that it was to disregard any testimony from the officer concerning the gold tooth; it took judicial notice of the fact that the People failed to turn over the material and instructed the jury that this was a violation of law; it gave an adverse inference charge; it gave defense counsel the opportunity to reopen the cross-examination of the police officer; and it reminded the jury of its duty to follow the court's instructions.

Where there is a delay in the disclosure of *Rosario* material, reversal is only required if the defendant is substantially prejudiced by the delay *(see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56). Because of the curative actions taken by the trial court, which had discretion to determine the appropriate sanction to employ *(see, People v Martinez, supra; People v Kelly,* 62 NY2d 516), we find that the defendant was not substantially prejudiced.

We have considered the arguments raised by defendant in his supplemental *pro se* brief and find them to be either without merit or unpreserved for appellate review. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.