◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered December 15, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court's sanction for the People's loss of *Rosario* material, to wit, a pretrial statement by the arresting officer *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), was inadequate. While a trial court must impose a sanction where the People fail to exercise due care in preserving *Rosario* material and the defendant is prejudiced thereby, the specific sanction to be imposed is within the sound discretion of the trial court *(see, People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516). In this case, the preclusion of the arresting officer's testimony was a sufficient sanction. There was no indication of prosecutorial fault, and any prejudice to the defendant was removed by the preclusion of that testimony. The failure to also preclude the undercover police officer's testimony was not an improvident exercise of discretion *(see, People v Martinez, supra; People v Kelly, supra).* Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.