■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [616 NYS2d 587] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J., at pretrial hearings; Jay Gold, J., at jury trial and sentence), rendered October 20, 1992, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Upon reviewing defendant's written motion and hearing specific arguments that included allegations of coercion and innocence, the hearing court appropriately exercised its discretion in granting defendant's application to withdraw his previously entered plea of guilty *(see, People v Patrick,* 163 AD2d 84, *lv denied* 76 NY2d 895). The hearing court's later, non-expert statements regarding defendant's possible emotional state do not suffice to render the court's acceptance of defendant's arguments for plea withdrawal an abuse of discretion on the ground that defendant was incompetent to make that application, which while successful at that time, ultimately proved disadvantageous to defendant.

Reviewing the record without the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 *(People v Love,* 57 NY2d 998, 1000), we cannot conclude that defendant's counsel was ineffective *(see, People v Baldi,* 54 NY2d 137).

Although the trial court initially overruled counsel's objection to admission of evidence on a dismissed count of the indictment, the court obviated any prejudice to defendant by later dismissing that count, with appropriate instructions to the jury. It is presumed that the jury understood and followed those instructions *(People v Davis,* 58 NY2d 1102), and the People proved defendant's guilt of the remaining sale count beyond a reasonable doubt.

Upon discovery that the drugs herein were inadvertently destroyed by the police property clerk, approximately two years after the underlying sale, the trial court conducted appropriate inquiry which revealed that the evidence was destroyed without participation or knowledge of the prosecution. Defense counsel utilized the inadvertent destruction of the drugs to argue that defendant's arrest was part of the general "confusion" on the part of the police in this case, and cross-examined the People's witnesses fully regarding the destroyed drugs. In these circumstances, defendant was not prejudiced by the trial court's denial of counsel's request for an adverse inference charge regarding the inadvertently destroyed vials *(see, People v Kelly,* 62 NY2d 516). Concur— Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.