■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIE KIRKLAND, Appellant. [656 NYS2d 1004] —Judgment unanimously affirmed. Memorandum: County Court dismissed the first five counts of the indictment based upon the variance of one year between the time of the offenses alleged in the indictment and the People's proof at trial (*see, People v Bigda*, 184 AD2d 993). Because that variance was not manifest until the complainant testified, there was no basis for dismissing those counts prior to the commencement of the trial. Any prejudice to defendant resulting from references to the dismissed counts during opening statements was obviated by the court's instruction to the jury to disregard those references (*see, People v Hernandez*, 207 AD2d 719, 720, *lv denied* 84 NY2d 936). The propriety of the initial *Ventimiglia* ruling (*see, People v Ventimiglia*, 52 NY2d 350) permitting the People to present evidence on the dismissed counts is academic in view of the court's reversal of that ruling prior to the admission of such evidence.

We have considered defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.