■ 587 DEVELOPMENT INCORPORATED, Appellant, v JOHN PIZ-
ZUTO, Respondent. [733 NYS2d 600] —Order, Supreme Court, New
York County (Charles Ramos, J.), entered March 7, 2000,
which, *inter alia*, imposed sanctions of $2,125 upon plaintiff for
frivolous and abusive litigation practice, unanimously affirmed,
with costs.

The court properly exercised its discretion in imposing sanc-
tions for plaintiff's conduct, including abuse of the litigation
process and threats against opposing counsel, after affording
plaintiff a reasonable opportunity to be heard (*see*, 22 NYCRR
130-1.1 [a], [d]). Concur—Sullivan, P. J., Williams, Ellerin,
Lerner and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSEPH JAMES, Appellant. [734 NYS2d 16] —Judgment, Supreme
Court, New York County (Bonnie Wittner, J.), rendered
November 4, 1999, convicting defendant, after a jury trial, of
attempted robbery in the first degree, and sentencing him, as a
persistent violent felony offender, to a term of 18 years to life,
unanimously affirmed.

The court properly exercised its discretion in determining
that an adverse inference charge was the appropriate sanction
for the People's inadvertent loss of a video surveillance tape, a
911 tape and one of four evidence bags containing clothing (*see,
People v Martinez*, 71 NY2d 937, 940; *People v Kelly*, 62 NY2d
516, 520-521). There was no indication of bad faith, and no
reason to believe that any of this evidence was exculpatory or
helpful to defendant. Moreover, there was a stipulation
concerning the results of the codefendant's counsel's viewing of
the videotape prior to its loss, and this stipulation permitted
defendant to take advantage of whatever value the tape may
have had in impeaching a prosecution witness.

The challenged portions of the People's summation did not
deprive defendant of a fair trial. The record establishes that
defendant's summation included attacks on police credibility to
which the People were entitled to respond (*see, People v Over-
lee*, 236 AD2d 133, *lv denied* 91 NY2d 976), and that there was
no attempt to lessen the People's burden of proof, but rather
an argument that the People had more than met their burden
by presenting overwhelming evidence of defendant's guilt. The
court's curative instructions prevented any of the challenged
remarks from causing any prejudice. In any event, were we to
find any error, we would find it to be harmless beyond a rea-
sonable doubt in light of the overwhelming evidence of
defendant's guilt. Concur—Sullivan, P. J., Williams, Ellerin,
Lerner and Saxe, JJ.