■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL MAYS, Appellant. [742 NYS2d 839] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 20, 1999, convicting defendant, after a jury trial, of criminal pos-

session of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of five years and 2½ to 5 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given the backgrounds of the People's witnesses and the minor inconsistencies in their testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations (*see, People v Gaimari,* 176 NY 84, 94).

The court properly exercised its discretion when it refused to deliver an adverse inference charge with respect to an erased 911 tape (*see, People v Kelly,* 62 NY2d 516). Since the anonymous caller on the tape did not testify, no *Rosario* issue is presented. There was ·no bad faith on the part of the People, who made reasonable efforts to obtain the tape before it was erased whereas defendant never requested it, and the exculpatory value of the tape is speculative (*see, Arizona v Youngblood,* 488 US 51). In any event, since defendant received a copy of the Sprint report, he was not prejudiced. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.