■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN SANDERS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 19, 1986, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, while an inmate at Eastern Correctional Facility, was charged in a multiple-count indictment premised on the assault of two correction officers on May 27, 1984.* Viewed in a light most favorable to the People (see, People v Lewis, 64 NY2d 1111; People v Allah, 126 AD2d 778), the trial record shows that Correction Officers Joseph Chavez and Nicholas Fafoutis attempted to escort defendant from his cell in the special housing unit to the recreation area for a scheduled exercise period. In accordance with a "cuff order" then in effect, Chavez first handcuffed defendant and then instructed him to place his hands on the wall to be frisked. Defendant resisted and was informed that he would be returned to his cell, foregoing his exercise privileges. Defendant then raised

---

* The parties agreed prior to trial to dismiss all but 4 of the 15 counts in the indictment.

his hands, but when Chavez attempted a frisk, defendant struck him over the left eye. An altercation ensued in which defendant bit Chavez in the head. After several minutes, defendant was subdued by Fafoutis and another officer. Chavez received six stitches for the head wound and was unable to return to work for nine weeks. Chavez testified that he continued to experience head pain and remained under a doctor's care. Defendant propounded a justification defense, claiming through a number of inmate witnesses that he was the victim of ongoing harassment and that the officers instigated the altercation. After a jury trial, defendant was convicted of one court of assault in the second degree and was sentenced as a second felony offender to a term of 3½ to 7 years' imprisonment. This appeal ensued.

Defendant initially maintains that County Court committed reversible error in providing the jury with a copy of Correction Law § 137 (5), which defines physical force as it pertains to correction officers and inmates. We recognize that the court violated CPL 310.30 in so acting over defense counsel's objection, but contrary to defendant's argument, failure to comply with this provision is not reversible error per se. A review of the record shows on several occasions that the court was asked to clarify its instructions concerning justification and the use of physical force. After the jury repeated its inquiry as to when a correction officer would be justified in using physical force, the court twice read Correction Law § 137 (5) to them. In response, the jury requested a copy of the statute for its own use. Although the People consented, defense counsel objected to the submission of any nonevidentiary documentation to the jury. In overruling this objection, County Court reasoned that since the exhibit had already been read to the jury, providing them with a copy of the text would simply serve to assist them in their deliberations. Concededly, this was error. However, considered in context, we find nothing to indicate that defendant was unduly prejudiced by the court's actions, particularly since no question is raised as to the accuracy of the copy provided to the jury. In view of the overwhelming evidence supporting the jury's verdict, we find that the departure from CPL 310.30 was harmless error (see, People v Crimmins, 36 NY2d 230; cf., People v Compton, 119 AD2d 473, 476).

Defendant also argues that County Court erred in permitting Chavez to testify even though a portion of his Grand Jury testimony had been irretrievably lost. We disagree. On October 17, 1984, Chavez testified before the Grand Jury. On

November 29, 1984, Chavez made a second appearance at the Grand Jury's request in order to respond to defendant's testimony on the preceding day. Prior to trial, the People alerted defense counsel and the court that, despite a thorough search, the transcript of Chavez's second appearance was missing, and that the court reporter had inadvertently destroyed his copy. A reconstruction hearing was held during which a member of the Grand Jury panel testified that Chavez mainly responded to defendant's claims of harassment and to specific questions concerning the procedure for taking an inmate from his cell to other prison areas. Chavez had testified for approximately 10 minutes. At the conclusion of this hearing, County Court denied defendant's motion to dismiss the indictment or to otherwise preclude Chavez from testifying. We find this determination entirely appropriate. Although defendant is entitled to a transcript of a witness's prior statements, such right is grounded in fairness, not constitutional law (see, People v Rosario, 9 NY2d 286, 289, cert denied 368 US 866; People v Pinion, 56 AD2d 664, 665). Where this right is infringed, our overriding concern is whether the defendant has been unduly prejudiced (see, People v Kelly, 62 NY2d 516, 520). As discerned in the reconstruction hearing, Chavez's second appearance was brief and focused principally on defendant's assertions of harassment rather than the specific incident in question. Significantly, the minutes from Chavez's first Grand Jury appearance were made available to the defense (cf., People v Lunney, 84 Misc 2d 1090). Nor is there any indication of bad faith on the part of the People. Under the circumstances, we find that a reconstruction hearing was appropriate (see, People v Pinion, supra) and that the court acted well within its discretion in allowing Chavez to testify at trial (see, People v Kelly, supra, at 520-521).

We have examined defendant's remaining contentions and find them unavailing. County Court did not abuse its discretion in permitting the prosecution to show that defendant was subject to a "cuff order" while imprisoned, for this evidence was highly relevant to the charge of assault in the second degree based on the premise that Chavez was performing a lawful duty when assaulted (cf., People v Johnson, 47 NY2d 785, 787, cert denied 444 US 857; People v Ahearn, 88 AD2d 691, 692). The People also properly introduced a letter written by defendant to his counselor approximately one week before the subject incident, which included the statement "I feel like assaulting one of the C.O.'s who work in the [special housing unit]". Although not directly related to the instant assault,

the letter is probative of defendant's state of mind during the relevant time period (see, Matter of Frank v Department of State, 14 AD2d 139, 142-143, lv denied 10 NY2d 706). Nor was defendant deprived of his statutory right to a speedy trial (CPL 30.30). In his brief, defendant concedes that the delay from October 25, 1984 through November 29, 1984 was due to his late request to appear before the Grand Jury. We further agree with County Court's determination, after a hearing, that the delay from December 20, 1984 to January 9, 1985 was not chargeable to the prosecution. The People established that while defendant was scheduled for arraignment on December 20, 1984, he was also scheduled for an inmate hearing that same day in another county (see, People v Russo, 99 AD2d 498; CPL 30.30 [4] [a], [g]). Due to the intervening holiday season during which the court was closed between December 23, 1984 and January 1, 1985, the next arraignment was not set until January 9, 1985. This appearance was canceled due to inclement weather, and defendant was finally arraigned on January 14, 1985. These factors amply demonstrate that the delay between December 20, 1985 through January 9, 1985 was not caused by the People. The record otherwise confirms that defendant was brought to trial within the six-month statutory time period (CPL 30.30 [1] [a]).

Judgment affirmed. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.