OPINION OF THE COURT
Richard D. Huttner, J.
Defendant moves prior to trial for a dismissal of the indictment charging him with burglary in the second degree and grand larceny in the fourth degree. He claims that dismissal is required pursuant to People v Ranghelle (69 NY2d 56 [1986]), because the People lost a report which would constitute Rosario material as to a prosecution witness. Defendant further argues that dismissal is mandated pursuant to Brady *300 v Maryland (373 US 83 [1963]), because the lost report may have contained the names and addresses of witnesses whose testimony may be exculpatory. This decision supplements the oral decisions rendered from the Bench.
In People v Ranghelle (supra), the Court of Appeals reversed and remanded for new trials two cases in which the People failed to turn over to the defense reports which contained statements of prosecution witnesses. The court rejected as irrelevant the People’s excuse that they made a good-faith attempt to obtain the material prior to trial. The court held, further, that not only does the failure to deliver Rosario material to defense counsel prior to trial constitute per se error, but harmless error analysis may not be utilized to salvage a conviction if the prosecution has failed in its absolute duty to deliver such material to the defense (People v Ranghelle, supra, 69 NY2d, at 63).
The issues before this court are: (1) Whether the holding of Ranghelle (supra) requires dismissal before trial where Rosario material has not been furnished to the defendant because it has been lost; and (2) whether the rights accruing to the defendant under Brady v Maryland (supra) have been so adversely affected by the People’s failure to preserve the report as to, likewise, warrant dismissal.
The facts of this case are as follows: On August 25, 1987, a Wade hearing was conducted wherein the complaining witness testified as to her observations of the defendant at the scene of the crime and at a showup a short time thereafter. Prior to calling the arresting officer as its witness the prosecution advised the court that it was unable to locate its early case assessment bureau (ECAB) report which contained statements constituting Rosario material as to the police officer. In lieu of the missing ECAB report, for the purposes of the Wade hearing, the People proffered the Assistant District Attorney’s data analysis sheet. Although the data analysis sheet constituted Rosario material only as to the police officer, it was notations contained in this document which alerted counsel to the fact that other eyewitnesses present at the crime scene had been spoken to by the police.
The defense maintains that the People are required under Brady to furnish the names and addresses of those witnesses alluded to in the data analysis sheet which names the People maintain they do not have since they were never obtained by the police officer. The defense contends that since the lost *301 ECAB report may have contained the names and addresses of those witnesses, the People’s failure to preserve it mandates dismissal.
A reconstruction hearing was conducted to determine whether the lost report constituted Rosario material as to any other witnesses the People intended to call at trial, and additionally, pursuant to People v Andrew W. (44 NY2d 179 [1978]), to determine whether it contained Brady material.
Mere speculation by the defendant that Brady material may be in the prosecution’s possession should not serve as a basis for court intervention. However, where, as here, there is "some basis” for believing that the prosecutor may be in possession of potentially exculpatory material, it must be demonstrated that the missing document did not contain Brady material (People v Andrew W., supra).
At the hearing this court heard testimony from the Assistant District Attorney who prepared the lost report as well as the police officer who supplied the information. Both witnesses testified credibly and corroborated each others testimony. The police officer stated that neither the complainant who identified the defendant and another at the showup, nor anyone else, accompanied him to central booking where he was interviewed by the Assistant District Attorney. He conceded that although he had spoken to two eyewitnesses at the scene of the burglary who could identify the perpetrators, he neglected to obtain their names and addresses. He testified that he had abandoned questioning of these witnesses immediately after he learned, via a radio communication, that the complainant had herself pursued the perpetrators and that they were being held a short distance away by police officers from another precinct. The Assistant District Attorney assigned to ECAB confirmed that the police officer had reported his conversation with other eyewitnesses to her, and of his failure to obtain their names and addresses. She also confirmed that she never spoke with the complainant or anyone else, other than the police officer.
With respect to the Brady issue, this court is satisfied beyond a reasonable doubt that the lost ECAB report did not contain the names and addresses of any other eyewitnesses and that the prosecution was never in possession of such information. In order to establish that the prosecution has violated the holding of Brady it must be shown that material evidence, favorable to the defense, has been concealed by the *302 prosecutor (Moore v Illinois, 408 US 786, 794-795 [1972], reh denied 409 US 897 [1972]). While the testimony of eyewitnesses present at the crime scene could be material, there is no showing here that the testimony of those witnesses would have been favorable to the defense. In any event, Brady is applicable only to evidence in the prosecution’s possession (United States v Bibby, 752 F2d 1116, 1125 [6th Cir 1985], cert denied 475 US 1010 [1986]; United States v Escobar, 674 F2d 469, 479 [5th Cir 1982]; United States v Hutcher, 622 F2d 1083, 1088 [2d Cir 1980], cert denied 449 US 875 [1980]). Here, since the testimony at the reconstruction hearing established that the prosecution was never in possession of the names and addresses of the unidentified eyewitnesses, there has been no concealment by the prosecution of material evidence favorable to the defendant.
While knowledge possessed by police who have conducted an investigation may be imputed to the prosecution (see, e.g., United States v Butler, 567 F2d 885, 891 [9th Cir 1978]), no such imputation can be made here since the police did not conduct any meaningful investigation resulting in the acquisition of any evidence whatsoever. (Cf., United States v Valenzuela-Bernal, 458 US 858 [1982].) Therefore, that branch of defendant’s application which seeks dismissal of the indictment on grounds that his rights derived from Brady have been violated is denied.
With respect to the Rosario issue, this court is satisfied that the lost report did not contain Rosario material as to anyone other than the police officer. In the exercise of its duty to vigilantly guard against prejudice to the defendant, this court is constrained to fashion a remedy, consistent with the mandate of Ranghelle (supra), where the prosecution failed to preserve Rosario material. The drastic remedy of dismissal should not be utilized where less severe measures can be imposed to redress the harm to defendant. (See, CPL 240.70 [1]; People v Kelly, 62 NY2d 516, 520-521 [1984].) Accordingly, since the missing document was Rosario material as to the police officer only, the appropriate remedy in this case is to preclude the People from calling him as their witness. (Cf., People v Sanders, 127 AD2d 937 [3d Dept 1987].) Likewise, the testimony of the police officer at the Wade hearing is hereby stricken, nunc pro tunc, although this does not affect this court’s ultimate determination at the Wade hearing since the *303 testimony of the complaining witness established clearly and convincingly that there was no suggestive conduct by the police at the showup. Should the defendant choose to call the police officer as his witness, the People’s cross-examination will be appropriately circumscribed to effectuate the spirit of this preclusion order.