■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. HICKS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 19, 1976, convicting him of attempted robbery in the second degree, on his plea of guilty, and imposing sentence. The appeal brings up for review a determination made after a hearing that the defendant was able to understand the proceedings against him and was in a position to assist in his defense. Case remanded to the County Court for a further hearing as to defendant's competency and appeal held in abeyance in the interim. On this record, it was an improvident exercise of discretion to deny defendant's request for an adjournment of the hearing as to his competency to stand trial at a time when his attorney was actually engaged in a trial. The attorney who requested the adjournment, and who was unfamiliar with defendant's long prior mental history, should not have been forced to proceed with the hearing. The issue here involved, of course, survived defendant's plea of guilty (see *People v Armlin,* 37 NY2d 167). Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CORNELL JOHNSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered July 30, 1976, which, after a hearing, granted defendant's motion to suppress physical evidence found in a vehicle being operated by defendant. Order reversed, on the law and the facts, and motion denied. The initial stop of the vehicle occurred when an officer attached to the Auto Crime Unit observed the tampered condition of the lock on the trunk, thus arousing suspicion that the vehicle might have been stolen. The stop, consequently, was not for a traffic infraction, as was the situation in *People v Ingle* (36 NY2d 413), nor was it incident to a "routine traffic check", as was the situation in *People v Marsh* (20 NY2d 98). Rather, the stop was based upon reasonable suspicion that a crime had been committed (see *People v Troiano,* 35 NY2d 476). *People v Altieri* (77 Misc 2d 1038) is inapplicable, for there the initial questioning occurred after the driver had parked his car in front of his residence; it was not occasioned by any reasonable or probable cause to suspect that the car had been stolen. Having properly stopped the automobile, the police officer had a right to look at the vehicle identification number and to make the inspection that he did. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELMAR JONES, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 23, 1975, convicting him of robbery in the first degree (four counts) and grand larceny in the third degree (four counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree (four counts), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Appellant's convictions under the second, fourth, sixth and tenth counts of the indictment, which charged grand larceny in the third degree, must be reversed since those counts are concurrent to, and included within, the counts which charged robbery in the first degree, of which appellant was also convicted (see CPL 300.40, subd 4; *People v Grier,* 37 NY2d 847). We have examined appellant's other claims for reversal and find them to be without merit. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.