THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEITH JOHNSON, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Sherman, J.), dated September 4, 1984, which granted the defendant's motion to dismiss the indictment.

Order reversed, on the law and the facts, indictment reinstated, and matter remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

In a single-count indictment, the defendant was charged with robbery in the first degree following an alleged incident on January 29, 1984, in which he, together with a friend, forcibly stole money from the complainant at knifepoint. Both the defendant and his cohort were arrested the same day and proceeds of the alleged robbery were recovered from both perpetrators. The following day, the complainant appeared at the police precinct and requested the return of his money, which he needed to buy a winter coat. After consultation with and the consent of the Suffolk County District Attorney's office, the police returned the recovered money to the complainant without first following the procedures established by Penal Law § 450.10.* The money was subsequently spent, thus

---

* At the time the events in this case occurred, Penal Law § 450.10 provided, in pertinent part that:

"1. When property, other than contraband, including but not limited to the items subject to the provisions of sections 410.00, 415.00, 420.00 and 420.05 of this chapter, alleged to have been stolen is in the custody of a police officer or a peace officer, it must be held subject to the order of the court in which the criminal action is pending or, if a request for its release from such custody is made, until the prosecutor has notified the defendant or his attorney of such request and both the prosecution and defense have been afforded a reasonable opportunity for an examination of the property to determine its true value and to produce or reproduce, by photographs or other identifying techniques, legally sufficient evidence for introduction at trial.

permanently depriving the defendant of an opportunity to inspect the money, although admittedly no such request had ever been made for such inspection.

Following an oral motion made by defense counsel in the middle of jury selection, supplemented by written motion papers, the trial court found that the defendant's ability to present his potential defenses was vastly hampered as a result of the violation of the statute, and that the only appropriate sanction was dismissal of the indictment. The defenses to which the court referred were based on the representations by defense counsel that the defendant's aunt might have been able to testify at trial that the recovered money looked similar to money which she had given to the defendant the morning of the alleged robbery, and, in the alternative, that the bills may have been counterfeit, which finding could have been utilized to impeach the credibility of the complainant.

We agree with the trial court that the People violated the relevant statutory provision. However, we find that dismissal of the indictment was unnecessary in this case.

The People's reason for releasing the money (for use by the victim to buy a winter coat) evidences their lack of intent to

---

"2. Upon expiration of a reasonable time for the completion of the examination which in no event shall exceed thirty days from the date of receipt by the defense of the notice of request for return of property as provided in subdivision one hereof, the property shall be released to the person making such request after satisfactory proof of such person's entitlement to the possession thereof. The court where appropriate may condition release of the property upon an order that the property be kept intact and available for production if necessary during the pendency of the criminal action. Notwithstanding the foregoing, upon application by either party with notice to the other, the court may order retention of the property if it determines that retention is necessary in the furtherance of justice".

By the Laws of 1984 (ch 795), effective November 1, 1984, the following subdivision (10) was added to Penal Law § 450.10: "10. Where there has been a failure to comply with the provisions of this section, and where the district attorney does not demonstrate to the satisfaction of the court that such failure has not caused the defendant prejudice, the court shall instruct the jury that it may consider such failure in determining the weight to be given such evidence and may also impose any other sanction set forth in subdivision one of section 240.70 of the criminal procedure law; provided, however, that unless the defendant has convinced the court that such failure has caused him undue prejudice, the court shall not preclude the district attorney from introducing into evidence the property, photographs, photocopies, or other reproductions of the property or, where appropriate, testimony concerning its value and condition, where such evidence is otherwise properly authenticated and admissible under the rules of evidence. Failure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument".

deprive the defendant of his right to inspect the property. Nevertheless, it does not satisfy "the People's burden of establishing that they are not accountable for the loss" *(People v Kelly,* 62 NY2d 516, 520). Thus, the only issue before us is what sanction is required due to the violation.

"In fashioning an 'appropriate' response to the prosecution's wrongful failure to preserve evidence (see CPL 240.70, subd 1), the degree of prosecutorial fault surely may be considered, but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society * * *

"Although the choice of 'appropriate' action is committed to the sound discretion of the trial court, as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence. Since such measures were clearly available here, the court abused its discretion in dismissing the charges" *(People v Kelly, supra,* at pp 520-521).

We find that a more appropriate sanction than dismissal is to preclude the prosecution from introducing at trial on its direct case any evidence, including the proposed testimony of any police officers and the defendant's alleged accomplice, relating to the fact that money had been recovered from the defendant or his cohort upon their arrest. This will allow the defendant to receive a fair trial, since it will remove any prejudice which might have resulted from the statutory violation. Moreover, as suppression will make it more difficult for the prosecution to prove its case, it will hopefully serve as an effective inducement to comply with the statute in the future. We again note our warning previously issued to law enforcement personnel within this judicial department that strict compliance with Penal Law § 450.10 is expected *(see, People v Angelo,* 93 AD2d 264; *People v Mitchell,* 106 AD2d 478).

The order is, therefore, reversed, the indictment reinstated, and the matter remitted to the County Court, Suffolk County, for further proceedings consistent with our decision. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.