■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRIECO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 7, 1985, convicting him of attempted criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a gas station owner, was arrested after he purchased a truckload of tires from an undercover police officer. The officer had led the defendant to believe that the tires were stolen, although they were in fact loaned to the police department by a tire dealer. The defendant contends that the trial court erred in refusing to submit the defense of entrapment to the jury. However, unrebutted proof of predisposition to commit the crime charged will defeat a claim of entrapment (People v Isaacson, 44 NY2d 511). Here the defendant failed to rebut the People's evidence, contained in tape-recorded conversations, of his predisposition to purchase the allegedly stolen tires. Therefore, the trial court's refusal to submit the defense to the jury was not an error. In addition, we find that the court's rulings, which the defendant claims prevented him from establishing an entrapment defense, were proper.

The trial court erred when it instructed the jury that no unfavorable inference should be drawn from the defendant's failure to testify when no such charge was requested by the defendant (CPL 300.10 [2]). However, we find that error to be harmless here (see, People v Vereen, 45 NY2d 856).

The defendant further contends that the People should have been precluded from introducing photographs of the tires into evidence at the trial because the prosecutor failed to comply with Penal Law § 450.10 which provides for notice to be given a defendant before allegedly stolen property is returned to the owners. We agree that the prosecutor did not comply with this statute as the notice given to the defendant fell short of that required. However, there was no evidence that the prosecutor acted in bad faith. In determining the appropriate sanction for noncompliance with the statute "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (People v Kelly, 62 NY2d 516,

520). Here the photographs lessened any possible prejudice to the defendant which may have resulted from the failure to strictly comply with Penal Law § 450.10, as they, in conjunction with the invoice and tire dealer's testimony, helped to establish the identity and value of the tires.

Finally, we do not find the sentence imposed excessive under the circumstances. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.