■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN NIEVES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 14, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 7, 1982, two police officers responded to a report of a burglary. As they ascended the stairs to the complainant's fourth-floor apartment, the officers' attention was drawn to what appeared to be a sleeve protruding from beneath the stairwell. Investigation revealed the defendant and a companion lying on their stomachs under the stairwell. Inches from his head, the police recovered a screwdriver and a camera which camera was subsequently identified by the complainant as his. An inspection of the complainant's apartment revealed broken locks and markings upon the doorframe

consistent with those made by a screwdriver. The defendant was arrested and the recovered camera and screwdriver were vouchered by the arresting officer. Seven months later, the complainant contacted the police seeking recovery of her camera. The camera was returned to the complainant July 18, 1983, and the screwdriver was disposed of without compliance with Penal Law § 450.10. The trial court dismissed that count of the indictment charging possession of burglar's tools but refused to dismiss the counts relating to the camera on a finding of an absence of prejudice to the defendant by its nonproduction. After a jury trial, the defendant was convicted of burglary in the second degree.

The evidence adduced at trial was sufficient for the jury to conclude that the defendant was guilty of the crime of burglary in the second degree notwithstanding the failure of the prosecution to present the camera owing to a violation of Penal Law § 450.10. The defendant's contention that the trial court erred in denying his request to dismiss the indictment or to strike the complainant's testimony relative to the stolen camera which was not available for inspection lacks merit. The choice of an appropriate remedy is committed to the sound discretion of the trial court (see, People v Kelly, 62 NY2d 516), and the drastic remedy of dismissal should not be invoked when less severe measures can rectify the harm done by the loss of evidence. Although suppression of testimony relative to the recovery of property wrongfully released may be an appropriate remedy (see, CPL 240.70; People v Johnson, 114 AD2d 515, lv denied 67 NY2d 652), the trial court properly denied suppression of the complainant's testimony herein. The defendant failed to demand production of the recovered property until the close of all the testimony after he had a full opportunity to impeach the complainant's credibility during cross-examination. Further, he has failed to demonstrate any prejudice to his theory of defense resulting from the violation of Penal Law § 450.10. As the recovered property bore no distinguishing characteristics relied on by the prosecution, the court properly left the issue of the complainant's credibility as to her asserted ownership of the camera to the jury.

By way of contrast, we note that dismissal of that count in the indictment which charged possession of burglar's tools was the appropriate sanction for the People's violation of the statute as to the screwdriver seized. Physical production of the screwdriver in question was necessary to resolve the issue of its capability of being used as an instrument to effect a burglary.

In light of the defendant's history, the sentence imposed was appropriate *(see, People v Suitte,* 90 AD2d 80; *People v Notey,* 72 AD2d 279). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.