■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CRAWFORD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered May 3, 1985, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's renewed motion for dismissal grounded on the People's claimed violation of Penal Law § 450.10. The record indicates that the return of a television set and an iron to the store from which they were stolen was done in good faith *(see, People v Angelo,* 93 AD2d 264). It also appears that these items remained available for the defendant's inspection under police supervision, thus negating any potential prejudice to him in the preparation of his defense *(cf., People v Kelly,* 62 NY2d 516; *People v Grieco,* 125 AD2d 490, *lv denied* 69 NY2d

828). Moreover, photographs and a purchase receipt introduced at trial established both the identity and value of these items *(see, People v Grieco, supra).* We cannot agree with the defendant that the purchase receipt—voluntarily handed by him to the police on the date a stolen credit card was used to "purchase" the television set and iron—was insufficient to establish beyond a reasonable doubt that the aggregate value of the stolen property exceeded $250 *(People v Irrizari,* 5 NY2d 142).

We find without merit the defendant's contention that the trial court erred in refusing to redact the transcript of his testimony before the Grand Jury so as to delete all references to the body before which that testimony was voluntarily given. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.