■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WHITEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered September 14, 1987, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement officials. By order dated June 19, 1989, this court remitted the matter to the Supreme Court, Kings County, for a hearing on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim (People v Whiten, 151 AD2d 708). The Supreme Court, Kings County, has conducted the hearing and submitted its report to this court.

Ordered that the judgment is affirmed.

The defendant was arrested on October 16, 1986, in Brooklyn, after he was observed driving a motor vehicle which had recently been reported stolen. Following his arrest, the defendant was transported to the police precinct and advised of his

*Miranda* rights. After waiving his rights, the defendant told the officers that he had purchased the stolen car from a friend. Thereafter, the subject vehicle, which had been transported to the precinct, was vouchered and, several days later, photographs were taken of the exterior of the car. The subject vehicle was released to its owner on or about October 23, 1986.

The defendant moved to dismiss the indictment on the ground that the subject vehicle was released from police custody without prior notice to the defendant as required under Penal Law § 450.10 (3). We conclude that the trial court did not improvidently exercise its discretion in denying the defendant's motion. The fact that the People took photographs of the vehicle militates against any finding that they acted in bad faith in returning the vehicle without notifying the defense *(see, People v Kelly,* 62 NY2d 516, 520-521; *People v Grieco,* 125 AD2d 490, 491). Moreover, the defendant did not establish that the officer's failure to photograph the interior of the vehicle unduly prejudiced his defense *(see,* Penal Law § 450.10; *see also, People v Nieves,* 133 AD2d 234).

We also reject the defendant's contention that the physical evidence seized pursuant to a search following his arrest should have been suppressed. At the suppression hearing, the arresting officer testified that as he was traveling behind the defendant's vehicle, he observed that the trunk lock on the vehicle was missing. When the defendant pulled his vehicle to the side of the road in order to discharge a passenger, the officer exited his patrol car and approached the driver's side of the defendant's vehicle. At that time, the officer observed that the steering column was damaged and that there were no keys in the ignition even though the vehicle's motor was running. At that point, the officer ran a license plate check on the defendant's vehicle and, upon receiving the results thereof, placed the defendant under arrest.

Contrary to the defendant's position, the officer's conduct was proper. At the outset, it is significant to note that the officer did not stop the defendant's vehicle but rather the defendant voluntarily stopped the car. Moreover, the missing trunk lock of the defendant's vehicle provided the officer with a sufficient basis to approach the vehicle. Upon observing the damaged steering column and absence of keys in the ignition, coupled with the results of the license plate check, the officer had probable cause to arrest the defendant *(see, People v Johnson,* 56 AD2d 661). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.