■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered October 11, 1989, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 14, 1988, the defendant was arrested as the driver of a stolen vehicle in which burglar's tools were found. He was indicted for grand larceny in the third degree, criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools.

At the trial, after evidence had been adduced concerning the nature and use of the tools allegedly found in the vehicle, it became apparent that the tools had been destroyed. The court thereupon prevented the prosecutor from eliciting further testimony on the subject and ultimately removed the count of possession of burglar's tools from the jury, instructing them not to speculate as to the reason for the removal thereof. The jury found the defendant guilty of all of the remaining counts of the indictment.

The defendant contends that he was denied his due process right to a fair trial when the prosecutor elicited testimony concerning the alleged burglar's tools without notice to his counsel that they had been destroyed and made certain allegedly improper and prejudicial remarks during summation. We disagree.

Although the defendant may have been prejudiced by the destruction of the burglar's tools, since physical production of

the tools in question was necessary to resolve the issue of their capability of being used as instruments to effect a burglary *(see, People v Nieves,* 133 AD2d 234), we find that the sanctions imposed by the court "struck the appropriate balance of eliminating prejudice to defendant while, at the same time, protecting the interests of society" *(People v Bay,* 67 NY2d 787, 789; *People v Kelly,* 62 NY2d 516).

We have considered the defendant's remaining contention and find that it does not require reversal. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.