OPINION OF THE COURT
Richard Lee Price, J.
This decision involves the novel situation of the interpretation of a recently enacted statute, and the discussion of what sanction to apply where the statute is not strictly complied with.
PROCEDURAL BACKGROUND
On December 6, 1992 Lawrence White was arrested and charged with criminal possession of stolen property in the third and fourth degrees, unauthorized use of a vehicle in the third degree, possession of burglar’s tools and criminal mischief in the third degree.
On December 7, 1992 defendant was arraigned, at which time the People served the defendant with Penal Law § 450.10 notice that they would make available for inspection to the defense a 1988 Pontiac 6000.
On December 8, 1992, when Investigator Shannon of the Legal Aid Society arrived at the 47th Precinct, he was informed that the vehicle had been returned to its owner on December 7, 1992.
Defendant was never notified of the vehicle’s return to its original owner.
Indeed, the car had been returned to its original owner pursuant to Penal Law § 450.10 (4) (c), an amendment to the *383 Penal Law which became effective November 1, 1992. It provides for the immediate release of vehicles to their registered owners without notice to the defendant where the only crimes charged deal with the theft or unlawful use of said motor vehicle with certain conditions. Penal Law § 450.10 (4) (c) in pertinent part states: "Before such release, evidentiary photographs shall be taken of such motor vehicle. Such photographs shall include the vehicle identification number, registration on windshield, license plates, each side of the vehicle, including vent windows, door locks and handles, the front and back of the vehicle, the interior of the vehicle, including ignition lock, seat to floor clearance, center console, radio receptacle and dashboard area, the motor, and any other interior or exterior surfaces showing any and all damage to the vehicle. Notice of such release, and the photographs taken of said vehicle, shall be furnished to the defendant within fifteen days after arraignment or after counsel initially appears on behalf of the defendant or respondent, whichever occurs later.”
In an earlier ruling, this court decided that the People had done three things improperly. First, the People failed to take adequate photographs of the vehicle before returning it to the owner as provided for in Penal Law § 450.10 (4) (c). The pictures taken did not include the vehicle identification number, registration on windshield, door locks, handles, the ignition lock, seat to floor clearance, center console, radio receptacle, dashboard area and the motor.
Second, the People failed to furnish the defendant with the photographs they did take within 15 days after arraignment.
Third, the People gave the defendant Penal Law § 450.10 (4) (a) notice, that defendant would have 48 hours to inspect the vehicle, which resulted in the Legal Aid Society sending an investigator to inspect a vehicle which had already been released from police custody. The result was an avoidable waste of governmental resources, for which we all pay.
This court reserved decision on what sanctions to impose, and ordered the parties to present arguments. After due consideration of well-reasoned memoranda submitted by both parties, this court has reached the following decision.
LEGAL ANALYSIS
I. Reliance of Penal Law § 450.10 (4) (c)
Before determining the issue of which sanctions to apply, *384 this court must decide whether it was appropriate for the People to invoke the use of Penal Law § 450.10 (4) (c) to release the car to its owner. The defense has argued that release of the car to the owner under this section was inappropriate because the defendant also faces charges of possession of burglar’s tools and criminal mischief in the third degree. The first sentence of Penal Law § 450.10 (4) (c) reads: "A motor vehicle alleged to have been stolen but not alleged to have been used in connection with any crime or criminal transaction other than the theft or unlawful use of said motor vehicle, which is in the custody of a police officer, a peace officer or a district attorney, may be released expeditiously to its registered * * * owner’s representative without prior notice to the defendant” (emphasis added).
The theft or unlawful use of the complainant’s car is not an element of the crime of possession of burglar’s tools (see, Penal Law § 140.35). In fact, the People alleged that the defendant used his burglar’s tool in order to effectuate the crimes of criminal possession of stolen property in the third and fourth degrees, and unauthorized use of a vehicle in the third degree. It is obvious that the defendant did not use the car as a means of accomplishing his goal of possessing burglar’s tools. Accordingly, the People may invoke Penal Law § 450.10 (4) (c) to return the car without notice to the defendant, notwithstanding the fact that he is also charged with possession of burglar’s tools.
Defendant’s suggestion that criminal mischief in the third degree as charged in this indictment does not relate to the "theft or unlawful use of said motor vehicle” is without merit.
The defense also argues that once the People have given notice to the defense of the opportunity to inspect the car within 48 hours under Penal Law § 450.10 (4) (a), they should be denied the right to invoke Penal Law § 450.10 (4) (c). Upon defendant’s arraignment on December 7, 1992, he was given notice pursuant to Penal Law § 450.10 (4) (a) that he had 48 hours to inspect the vehicle before it was returned to the owner. On that same day, unbeknowst to the prosecutor, the police attempted to comply with the provisions of Penal Law § 450.10 (4) (c), effective November 1, 1992. The police took photographs of the car, and returned it to its owner. Regrettably, the next day Investigator Shannon of the Legal Aid Society arrived at the 47th Precinct and found that the vehicle had been returned to its owner. The People admit that they only attempted to invoke Penal Law § 450.10 (4) (c) once *385 they realized that the police had taken pictures and released the car.
Let us assume for the moment that the police had fully complied with the picture taking requirements of Penal Law § 450.10 (4) (c). Absent a showing that the People acted in bad faith, there could be no reason to preclude the photos simply because the People gave 48-hour notice under Penal Law § 450.10 (4) (a). The record before me is completely contrary to a finding of bad faith. There is no evidence that the People were aware of the efforts of the police to comply with Penal Law § 450.10 (4) (c). The People’s only mistake was not communicating with the police department and coordinating their efforts in the application of the newly enacted statute. However unfortunate and costly to the defendant, the People never intended this result, and the defense was in no way prejudiced thereby. Since there was no bad faith on the part of the People, they should not be precluded from invoking Penal Law § 450.10 (4) (c).
II. Sanctions
The controlling provision detailing which sanction to apply when a violation of Penal Law § 450.10 has occurred is Penal Law § 450.10 (10) which reads as follows: "Where there has been a failure to comply with the provisions of this section, and where the district attorney does not demonstrate to the satisfaction of the court that such failure has not caused the defendant prejudice, the court shall instruct the jury that it may consider such failure in determining the weight to be given such evidence and may also impose any other sanction set forth in subdivision one of section 240.70 of the criminal procedure law; provided, however, that unless the defendant has convinced the court that such failure has caused him undue prejudice, the court shall not preclude the district attorney from introducing into evidence the property, photographs, photocopies, or other reproductions of the property or, where appropriate, testimony concerning its value and condition, where such evidence is otherwise properly authenticated and admissible under the rules of evidence. Failure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument.”
"A necessary corollary of the duty to disclose is the obligation to preserve evidence until a request for disclosure is made” (People v Kelly, 62 NY2d 516, 520 [1984], citing United *386 States v Bryant, 439 F2d 642; People v Saddy, 84 AD2d 175 [2d Dept 1981]).
The choice of an appropriate sanction is committed to the sound discretion of the trial court (People v Kelly, supra; People v Nieves, 133 AD2d 234 [2d Dept 1987]). In fashioning an appropriate response to prosecution’s wrongful failure to preserve evidence, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society” (People v Kelly, supra, at 520; People v Grieco, 125 AD2d 490 [2d Dept 1986]). For that reason I have concluded that the most appropriate combination of sanctions is (1) the dismissal of the count of the indictment charging the defendant with criminal possession of stolen property in the third degree; (2) preclusion of the People from introducing evidence of the condition of door locks, handles, the ignition lock, seat to floor clearance, center console, radio receptacle, dashboard area and the motor of the car, that they failed to photograph; and (3) the giving of an adverse inference charge to the jury.
The purpose of the photographing provision of Penal Law § 450.10 (4) (c) is the preservation of the condition of the car at the time it was recovered. Failure to photograph any part of the car required by statute is tantamount to loss of that evidence by the People. Prosecutors, as well as law enforcement officials, are under a duty to diligently preserve all materials which may be subject to disclosure to defendant (United States v Bryant, supra; People v Saddy, supra). The defendant was intended to have the opportunity to use this potentially exculpatory evidence to rebut damaging evidence presented by the People at the time of trial. At trial, the defendant will be unable to refute evidence presented by the People as to the value and condition of various parts of the car which were not photographed at the police precinct. Thus, if the People are allowed to introduce evidence regarding the value of the car, or the condition of parts of the car which were not photographed, this will prejudice the defendant’s ability to refute the People’s evidence.
1. Dismissal of Criminal Possession of Stolen Property in the Third Degree
The drastic remedy of dismissal of the indictment should not be invoked where less severe measures can rectify the harm done by the loss of evidence. (People v Kelly, supra, 62 NY2d, at 521.) "Failure to comply with any one or more of the *387 provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument” (Penal Law § 450.10 [10] [eff Nov. 1, 1984]). The People’s loss of evidence of the condition of numerous internal components of the car, as stated above, will impair the defendant’s ability to adequately refute the People’s assessment of the value of the entire car. Because of considerable variations in automobile conditions, it is not at all unlikely that a 1988 Pontiac 6000 could be valued below the $3,000 threshold. Thus, defendant would be seriously prejudiced if the People could offer testimony as to the value of the car that he could not refute. As a result of this prejudice, the People must be precluded from offering testimony as to the value of the car. Since the People can no longer prove an essential element of the crime of criminal possession of stolen property in the third degree, this count of the indictment is appropriately dismissed (see, People v Saddy, supra [prejudice found and convictions reversed where a tape recording of attempts by police officers to purchase drugs from the defendant was destroyed]; cf., People v Churba, 76 Misc 2d 1028 [1974] [prosecution dismissed where failure to preserve television set greatly disadvantaged defendant in his attempt to show that repairs for which defendant billed owner were actually accomplished]). In Saddy, the Court found that the destroyed tapes hindered the defendant’s agency defense and reduced convictions of criminal sale of a controlled substance to criminal possession of a controlled substance.
However, the second count of the indictment, criminal possession of stolen property in the fourth degree, will not be dismissed. Because the car’s value clearly exceeds $100, allowing the People to present evidence of its value will not cause the defendant prejudice.
2. Preclusion of the Lost Evidence for Use By the People
The defense has also been prejudiced in their ability to refute evidence of damage to parts of the car not preserved in photographs. Suppression of testimony relative to property wrongfully released may be an appropriate sanction (People v Johnson, 114 AD2d 515, lv denied 67 NY2d 652). In regard to the areas that were not photographed, the defendant has been prejudiced because he will not be able to refute allegation that damage to those areas was sustained. Penal Law § 450.10 (10) provides that: "unless the defendant has convinced the court that such failure [to preserve evidence] has caused him undue prejudice, the court shall not preclude the district attorney *388 from introducing into evidence the property, photographs, photocopies, or other reproductions of the property or, where appropriate, testimony concerning its value and condition, where such evidence is otherwise properly authenticated and admissible under the rules of evidence.”
Although the defendant has suffered prejudice due to the failure to take all necessary photographs, the parts of the car that were photographed evince that some damage to the car was sustained. To the extent that evidence has been preserved under Penal Law §450.10 (4) (c), the People should not be precluded from using that evidence as proof at trial because the existing pictures reduce the extent of the prejudice to the defendant (People v Grieco, 125 AD2d 490 [2d Dept 1986], supra). The People are therefore only precluded from introducing evidence of the condition of parts of the car which the police failed to photograph. It should also be noted that no harm to the defendant resulted from the People’s failure to photograph the vehicle identification number and the registration, since there is no assertion that the defendant altered either of them. Further, the vehicle identification number and registration do not provide the jury with evidence of the condition or value of the car. Finally, this information can be obtained from a check of the license plate number, which is clearly depicted in existing photographs.
The case at bar is distinguishable from People v Fischman (NYLJ, June 29, 1993, at 25, col 3 [Sup Ct, Queens County]) where the court precluded the People from introducing a car into evidence that had been mistakenly sold at auction, or from introducing any evidence concerning the car, as a sanction for the People’s negligence. In Fischman, all evidence pertaining to the condition of the car was unavailable at trial, however, here the pictures that were taken did preserve substantial parts of the car. Any evidence of theft or tampering which has been preserved, may be used by the People to prove the defendant’s guilt. This decision to preclude evidence of any part of the car that was supposed to be photographed but was not, is consistent with the ruling in Fischman. As for parts of the car that were photographed, at trial the defendant will have the opportunity to refute the People’s assertions as to the status of the car and the extent of the damage.
Where evidence is lost, "the court shall instruct the jury that it may consider such failure in determining the weight to *389 be given such evidence” (Penal Law § 450.10 [10]). This court will charge the jury accordingly.
Defendant also asserts that the People’s giving of Penal Law §450.10 (4) (a) notice caused the defense to send over an investigator to inspect the vehicle after the car had already been returned, causing the defense undue prejudice.
There was no evidence of bad faith on the part of the People (see, People v Grieco, supra), although the People had a duty to preserve the evidence, the police made a good-faith effort to invoke section 450.10 (4) (c) before returning the vehicle to the owner. The fact remains that the People were not aware of the police action under the new statutory framework, and were not attempting to impair the defendant’s case by giving section 450.10 (4) (a) notice. To the contrary, both the prosecutor and the police were trying to preserve the defendant’s rights to obtain exculpatory information (see, People v Whiten, 156 AD2d 606 [2d Dept 1989] [fact that photographs were taken mitigated against any finding that the People acted in bad faith]). The only adverse result was that the defense expended resources by sending their investigator, and although unfortunate, this will in no way impair defendant’s case at trial. The People’s giving of section 450.10 (4) (a) notice was not done in bad faith, and thus no sanctions are to be imposed.
The late transmission of the photos to the defendant resulted from a lack of communication between the prosecutor’s office and the police department. Once again this was not done in bad faith. Apparently, the prosecutor was not even aware of the existence of the photographs until they were requested. Further, the defendant was not prejudiced because he will have a full and fair opportunity to review the photographic evidence prior to trial.
Accordingly, the count of the indictment charging the defendant with criminal possession of stolen property in the third degree is dismissed, the People are precluded from introducing evidence of the condition of door locks, handles, the ignition lock, seat to floor clearance, center console, radio receptacle, dashboard area and the motor of the car, that they failed to photograph, and an adverse inference charge will be given to the jury.