■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERTO CARAY, Respondent. [613 NYS2d 376] —Orders, Supreme Court, Bronx County (Ira R. Globerman, J.), entered July 29 and September 4, 1992, which granted defendant's motion to suppress a shotgun recovered from the vehicle he drove, unanimously reversed, on the law and the facts, the motion denied, and the indictment reinstated.

The IAS Court erred in suppressing the shotgun, since the police had reasonable suspicion to stop defendant due to the missing car door lock and the defendant's slow driving in the left traffic lane *(People v Johnson,* 56 AD2d 661; *People v Chestnut,* 36 NY2d 971). The IAS Court's reliance on *People v Elam* (179 AD2d 229, *appeal dismissed* 80 NY2d 958) was misplaced here in that, as the *Elam* majority stated, a broken

car window is an equivocal indicator of possible car theft; a missing door lock cylinder, however, is a much more likely one, indicating a probable attempt to enter the vehicle without using a key. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.