People v Clarke (2020 NY Slip Op 06401)





People v Clarke


2020 NY Slip Op 06401


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Ind No. 862/16 862/16 Appeal No. 12325 Case No. 2019-669 

[*1]The People of the State of New York, Respondent,
v
Davia Clarke, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Rosemary Herbert of counsel) and Weil. Gotschal & Manges, LLP, New York (Colin McGrath of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered June 29, 2017, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree and possession of burglar's tools, and sentencing her to five years' probation, unanimously modified, on the facts, to the extent of vacating the conviction for possession of burglar's tools as against the weight of the evidence, and dismissing that count of the indictment, and otherwise affirmed.
The court responded meaningfully to a note from the deliberating jury asking the specific question of whether a defendant can be "guilty of robbery if not guilty of larceny in the fourth degree." By responding that the answer was "yes," the court gave a correct answer to the specific question posed by the jury, and it was not required to go beyond that question (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]). Furthermore, there is no indication that the court's response to the note caused any prejudice (see People v Lourido, 70 NY2d 428, 435 [1987]).
The court properly denied defendant's challenge for cause to a prospective juror. Taking his statements "in context and as a whole" (see People v Chambers, 97 NY2d 417, 419 [2002]), the panelist, who had twice been robbed, unequivocally promised to be a fair and impartial juror (see People v Arnold, 96 NY2d 358, 363 [2001]).
Defendant's argument that her conviction of possession of burglar's tools was against the weight of the evidence has merit (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence did not warrant the conclusion that the object at issue met the statutory definition (see People v Cobb, 198 AD2d 128 [1st Dept 1993]; People v Nieves, 133 AD2d 234, 235 [2d Dept 1987], lv denied 70 NY2d 935 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020