■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO PANTINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 14, 1983, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

During the course of this trial, the People presented Detective George Reich as a witness. He stated several times that he had not tape-recorded any telephone conversations with defendant. Then, after several days of trial, it was revealed by Detective

Reich's superior, Sergeant Crebs, that the telephone conversations had been recorded, beginning with the initial contact on April 19, 1982, and that those tapes were subsequently lost. The testimony of Detective Reich and of defendant differed in significant respects regarding those early conversations, including whether or not defendant told Detective Reich that he does not sell drugs, the number of times per day that Detective Reich called defendant, and the tenor of the conversations. Defendant raised both an entrapment and an agency defense to all of the counts in the indictment. The jury apparently accepted the agency theory, because defendant was acquitted on all counts involving sales of cocaine. From the record before us, it cannot be said that the tapes, which may well have constituted *Brady* material, would have made no difference in the outcome with respect to the entrapment defense raised on the possession count (see *United States v Bryant,* 439 F2d 642; *Brady v Maryland,* 373 US 83).

Under the circumstances, we find that the only appropriate sanction for the failure to preserve these tapes is dismissal of the indictment (see *People v Kelly,* 62 NY2d 516; see, also, *People v Saddy,* 84 AD2d 175; *People v McCann,* 115 Misc 2d 1025).

In light of this determination, we need not reach the other issues raised. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.