■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL VALENTINE, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 6, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and sentencing him to a term of imprisonment of from 15 years to life, unanimously affirmed.

Contrary to defendant's contentions, he was not entitled to the imposition of sanctions as a result of the prosecutor's inability to turn over to the defense a missing report of a telephone conversation concerning the actions of a codefendant. A defendant is entitled to any recorded statement of a prosecution witness (CPL 240.44, 240.45; *People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). When evidence is lost, the trial court should consider the circumstances surrounding the loss to determine an appropriate remedy or whether any corrective action need be taken at all *(People v Kelly*, 62 NY2d 516). Factors to be considered include the degree of negligence or bad faith on the part of law enforcement personnel, the importance of the lost evidence, and the sufficiency of other evidence adduced at trial *(People v Saddy*, 84 AD2d 175, 179, quoting *United States v Bryant*, 439 F2d 642, 653). The court must balance any prejudice to defendant with the protection of the interests of society *(People v Kelly*, 62 NY2d, *supra*, at 520). Here, the trial court was justified in imposing no sanction as there was no evidence of bad faith and there was no showing of prejudice as the conversation did not relate to defendant and a transcript of the conversation was available. *(See, People v Martinez*, 71 NY2d 937, 940.)

Defendant also argues that the court erred in refusing to conduct an in camera inspection of a special agent's personnel file. Such inspection must be conducted only where there is "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]). While this standard is liberally construed, a defendant must put forth "in good faith * * * some factual predicate which would make it reasonably likely" that the file contents would "directly bear on the hard issue of guilt or innocence" and not merely constitute a fishing expedition to gain information to impeach a witness's general credibility *(People v Gissendanner*, 48 NY2d 543, 550). Here, there was only an unsupported allegation that disciplinary reports might exist which related to a collateral issue regarding a codefendant. Such "speculation and surmise" did not amount to a " 'clear showing of facts' " justifying an in camera inspection *(People v Lugo*, 93 Misc 2d 195, 200). Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.