OPINION OF THE COURT
John R. Schwartz, J.
The issue here is what sanctions should be imposed upon *793 the prosecution of this action as a result of the failure to give a police report to the defendant and the deliberate destruction of potential Brady material (Brady v Maryland, 373 US 83) by an investigating police officer. Should the court order a new trial or dismiss the charges outright?
On October 31, 1990, Richard Van Epps was severely beaten as he was "trick-or-treating” on this Halloween night with two of his friends on a residential street in the City of Rochester, New York. A month later, he identified the defendant, Raymond Stubbs, from a "photo array” as one of his assailants. The Monroe County Grand Jury subsequently directed the prosecution to file an information charging the defendant with assault, third degree (Penal Law § 120.00) and reckless endangerment, second degree (Penal Law § 120.20) pursuant to CPL 190.70.
The case was tried nonjury before this court on October 8 and 9, 1991. The victim’s identification of the defendant as one of his assailants was weak at best but sufficient to create a question of fact.
The defense was one of "alibi” and the defendant’s first witness testified that she was present when another person gave a complete report to a Rochester Police Officer about witnessing the incident and told the officer that someone other than the defendant committed the assault. She described in detail the police officer who took the report and said his name was Officer Jackson. She also was sure that Officer Jackson took a written report of that interview.
This report, if it existed, was never turned over to the defendant even though a "discovery” demand was made pursuant to CPL article 240. The court adjourned the case and directed the People to locate Officer Jackson to see if he made such a report and find why it was not turned over to the defendant. The Assistant District Attorney could not get in touch with Officer Jackson because he was on sick leave. However, the People did discover another police report made December 20, 1990, by Rochester Police Officer Carfly. This report detailed an interview Officer Carfly had with Michelle Dettman which completely exonerated the defendant and gave the names of the so-called real assailants. This report was not given to the defendant or his attorney.
The defense immediately moved for a dismissal of all charges or in the alternative, a mistrial.
Prior to deciding whether to grant a dismissal or to permit *794 a retrial, this court held a hearing to take the testimony of Officer Jackson to see if he also made a written report and what had happened to it. At the hearing, Officer Jackson testified that he indeed did talk to the defendant’s alibi witness several weeks after the assault. He is not sure exactly when. She did give him information about the incident but he cannot remember what she told him. He did make a report. However, he testified he did not believe the witness, and after talking to his supervisor, and with his supervisor’s permission, he simply tore up the report.
At issue here is what sanctions should be imposed upon the prosecution as a result of the People’s failure to find and turn over the one police report made by Officer Carfly and the destruction of another report by Officer Jackson.
I
"Due process” as elaborated in Brady v Maryland (373 US 83, supra) requires that all exculpatory material be turned over to defendant. However, in order to be discovered, evidence must be preserved. "Only if evidence is carefully preserved during the early stages of investigation will disclosure be possible later.” (United States v Bryant, 439 F2d 642, 651.) The duty to preserve is not only imposed upon the District Attorney’s Office, but also its investigation agency, the police department. As stated in People v Springer (122 AD2d 87, 90), "In order to safeguard the defendant’s rights under Brady, the prosecution, as well as law enforcement officials, are under a duty to diligently preserve all materials which may be subject to disclosure * * * It is not for the prosecution, or the police, to select which materials should be preserved, and which should be destroyed. Were law enforcement officials empowered to pick and choose the materials deemed worthy of preservation, then the due process rights guaranteed by Brady would be shallow indeed; Brady could be circumvented by merely destroying evidence unfavorable to the prosecution before it is demanded by the defendant.” (See also, United States v Bryant, supra, at 648; People v Saddy, 84 AD2d 175, 178; People v Kelly, 62 NY2d 516, 520.)
Here, the information given to Officer Jackson may or may not have been reliable. However, now the trier of fact will never know whether it was believable or not, for Officer Jackson destroyed the report and he does not remember what was in it. Such conduct is clearly a violation of the defendant’s *795 "due process” rights elaborated in Brady v Maryland (373 US 83, supra).
II
The real issue here is what sanctions should the court impose upon the prosecution of this action as a result of the destruction of his report by Officer Jackson. In People v Kelly (62 NY2d 516, 520, 521, supra) the court said the "appropriate” response to the prosecution’s wrongful failure to preserve evidence "is committed to the sound discretion of the trial court”, but the court warned that "as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence.” Were the only Brady error here be the failure to turn over the police report discovered during the trial, the answer might be easy. The court could simply declare a mistrial, direct the People to turn over the report, and start the trial over again (see, People v Simmons, 36 NY2d 126; People v Vilardi, 76 NY2d 67). Here, however, there is more than simply a missing report. There is also a report that has been deliberately destroyed.
People v Saddy (84 AD2d 175, supra) sets forth the criteria to look at in determining whether the prosecution should be sanctioned for the destruction or loss of potentially exculpatory material. The three factors to be considered are: (1) the degree of negligence or bad faith on the part of law enforcement officials, (2) the importance/materiality of the lost evidence, and (3) the sufficiency of the other evidence adduced at trial. (People v Saddy, supra, at 179, citing United States v Bryant, 439 F2d 642, 653, supra.) The court should also balance any prejudice to the defendant with the protection of the interests of society. (People v Valentine, 160 AD2d 325; People v Taylor, 142 AD2d 410, 420.)
1. negligence/bad faith
This court finds that the People’s action concerning the intentional nonpreservation of Brady leans toward bad faith "[o]n a spectrum between good faith but inadvertent loss and bad faith destruction.” (United States v Bryant, 439 F2d 642, 647, supra.) The job of the investigating officers is to collect and preserve evidence, both for and against the prosecution’s case; not to pass judgment on it. That is the court’s function.
2. importance/materiality of destroyed evidence
In this case where the victim’s identification of the alleged attacker is poor, this potential exculpatory evidence is even *796 more essential to the defendant in importance. In People v Springer (122 AD2d 87, supra), an investigator discarded surveillance photos of a robbery thinking (1) they would be of no value because of their lack of clarity; and (2) the investigator believed that the height of the defendant could not be ascertained from the photographs. However, two problems existed in Springer. First, the police report of the robbery stated that the defendant was 6 feet 2 inches when in reality he was 5 feet 3 inches (122 AD2d 87, 88). Second, the restaurant manager said that the photos were clear and heights could be seen relative to the heights of the cashiers (122 AD2d 87, 91). The court dismissed the case for the People’s failure to preserve potential Brady material of import. Similarly, in the case at bar, Officer Jackson’s report would have substantiated the defendant’s alibi and whether he committed the crime, since the identification is poor and contested.
3. SUFFICIENCY OF EVIDENCE ADDUCED AT TRIAL
The court in People v Taylor (142 AD2d 410, 421, supra) stated that when Brady material destroyed is cumulative, i.e., other proof implicates the defendant, and it is unlikely that a different outcome will result with the existence of the material, courts should not dismiss the case. Here, however, because of the victim’s weak identification of the defendant, his guilt is anything but a foregone conclusion. It is the court’s belief that the evidence proffered by the People is insufficient to cast guilt upon the defendant. The unearthing of one report containing an alibi and the possibility of another destroyed report exculpating the defendant, further adds to the insufficiency. Nor can the People say that the destroyed report was cumulative since reconstruction of that report is impossible because Officer Jackson is not sure what the report said.
4. PREJUDICE TO DEFEND ANT/PROTECTION OF SOCIETY’S INTERESTS
Anytime Brady evidence is destroyed, the defendant is prejudiced. The court finds that the prejudice to the defendant outweighs the protection of society’s interests.
The police are obligated to preserve all Brady material including Officer Jackson’s report. Even if Officer Jackson thought the potential witness lacked credibility, he has no legal right to destroy his report. It is for the trier of fact and not the police to decide credibility of witnesses. Officer Jackson’s action in removing this issue from the trier of fact greatly prejudices the defendant’s rights.
*797 Therefore, this court is hereby dismissing all counts set forth in the prosecutor’s information. This court can think of no other sanction that would rectify the permanent prejudice done to the defendant. (See, People v Springer, 122 AD2d 87, supra; People v Pantino, 106 AD2d 412.) To do anything else would send the message that destruction of reports by police will be tolerated. It will not be.