■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO NUNEZ, Appellant. [64 NYS3d 210]—

Judgment, Supreme Court, Bronx County (Robert A. Sackett, J.), rendered April 8, 2015, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

Any error by the court in precluding the defense from cross-examining a police detective, who was part of the buy and bust team, regarding an unrelated federal civil complaint in which she was named as a defendant, was harmless because "there was no significant probability that the jury would have acquitted if defendant had been permitted to impeach" the officer at issue (*People v Smith,* 27 NY3d 652, 665 [2016]). There was overwhelming evidence that defendant possessed drugs with the intent to sell them, even without the limited circumstantial evidence supplied by the detective at issue.

The court's discussion during voir dire regarding the applicable standard of proof in the grand jury, sparked by a prospective juror's statement that he had been a grand juror, should have been avoided (*see People v Melendez,* 140 AD3d 421, 423-424 [1st Dept 2016]). However, the brief comment, intended to

emphasize the different and higher burden of proof at a trial, was harmless, and in any event it did not warrant the drastic remedy of a mistrial, which was the only remedy requested.

Defendant's general objection failed to preserve his present challenge to certain allegedly prejudicial background testimony about how buy and bust operations are conducted (see People v Tevaha, 84 NY2d 879, 881 [1994]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

The court did not err in permitting an undercover officer to testify anonymously, using his shield number rather than his name. Contrary to defendant's argument, the court did not simply grant the People's application on the ground that it was unlikely that any impeachment material would be found regarding the officer, who apparently regularly testified using his shield number. Instead, the court properly applied the analysis prescribed in People v Stanard (42 NY2d 74 [1977], cert denied 434 US 986 [1977]) and People v Waver (3 NY3d 748 [2004]). Nor did the court err in refusing defendant's request that the court use the officer's real name to conduct an in camera search for impeachment material in various databases, where the defense did not show that such records were reasonably likely to be found, especially considering the officer's long time undercover service (see People v Gissendanner, 48 NY2d 543 [1979]; People v Valentine, 160 AD2d 325 [1st Dept 1990], lv denied 76 NY2d 797 [1990]).

Finally, the court did not unduly curtail defense counsel's cross-examination of the undercover officer when he was recalled to the stand for a very limited purpose. Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.